# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, )<br><br>Plaintiff, )<br><br>v. )<br><br>KEN SALAZAR, in his official capacity as )<br>Secretary of the U.S. Department of the )<br>Interior, DANIEL ASHE, in his official )<br>capacity as Director of the U.S. Fish and )<br>Wildlife Service, and U.S. FISH AND )<br>WILDLIFE SERVICE, )<br><br>Defendants. ) | 1:11-cv-01564-BAH |

## ANSWER

Defendants, Kenneth Salazar, Secretary of the United States Department of the Interior, and Daniel Ashe, Director of the United States Fish and Wildlife Service, (collectively "Defendants") file this Answer to the Plaintiff's Complaint for Declaratory and Injunctive Relief as follows:

1.      The allegations in paragraph 1 purport to characterize a final rule published in the Federal Register, 70 Fed. Reg. 52,319 (Sept. 2, 2005) ("Listing Rule"), a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegation that is inconsistent with the plain language and meaning of the Listing Rule.

2.      The allegations in paragraph 2 are characterizations of Plaintiff's case, which require no response.  To the extent a response is required, Defendants deny the allegations.

3.      The allegations in the first sentence of paragraph 3 are legal conclusions, which require no response.  To the extent a response is required, Defendants deny the allegations.  Defendants deny the allegations in the second, third, and fourth sentences of paragraph 3.

4.      The allegations in paragraph 4 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

5.      Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 5, and on that basis deny them.

6.      The allegations in paragraph 6 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

7.      The allegations in paragraph 7 purport to characterize a final rule published in the Federal Register, 70 Fed. Reg. 52,310 (Sept. 2, 2005) ("Management Rule"), a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegation that is inconsistent with the plain language and meaning of the Management Rule.

8.      Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 8, and on that basis deny them.

9.      The allegations in paragraph 9 purport to characterize the order and opinion issued in the cases *Friends of Animals v. Salazar*, and *Cary v. Gould*, 626 F. Supp. 2d 102 (D.D.C. 2009), documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegation that is inconsistent with the plain language and meaning of those documents.

10.     In response to the allegations in the first sentence of paragraph 10, Defendants admit that Plaintiff submitted a "Petition to Delist the U.S. Captive Populations of Scimitar-Horned Oryx, Dama Gazelle, and Addax and/or to Correct the Endangered Species Act Listing of Scimitar-Horned Oryx, Dama Gazelle, and Addax to Specify that only the Populations in the Portion of

2

Their Range Outside of the United States are Classified as Endangered" dated June 28, 2010, but otherwise deny the allegations.  The allegations in the second and third sentences of paragraph 10 purport to characterize the June 28, 2010, "Petition to Delist the U.S. Captive Populations of Scimitar-Horned Oryx, Dama Gazelle, and Addax and/or to Correct the Endangered Species Act Listing of Scimitar-Horned Oryx, Dama Gazelle, and Addax to Specify that Only the Populations in the Portion of Their Range Outside of the United States are Classified as Endangered," a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegation inconsistent with the plain language and meaning of the petition. In response to the allegations in the fourth sentence of paragraph 10, Defendants admit that they have not published a finding whether the petition submitted by Plaintiff dated June 28, 2010, presents substantial scientific or commercial information indicating that the petitioned action may be warranted, but otherwise deny the allegations.

11.      The allegations in paragraph 11 purport to characterize a proposed rule published in the Federal Register, 76 Fed. Reg. 39,804 (July 7, 2011), a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language and meaning of that document.

12.      In response to the allegations in paragraph 12, Defendants admit that Plaintiff submitted comments on August 9, 2011, in response to a July 7, 2011, Federal Register document issuing a proposed rule regarding the removal of the regulatory exemption for certain acts otherwise prohibited under the ESA for U.S. captive herds of scimitar-horned oryx, dama gazelle, and addax.  The remaining allegations in paragraph 12 purport to characterize Plaintiff's August 9, 2011 comments, documents which speak for themselves and are the best evidence of their

contents.  Defendants deny any allegation inconsistent with the plain language and meaning of the comment documents.

13.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 13, and on that basis deny them.

14.     Defendants deny the allegations in paragraph 14.

15.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 15, and on that basis deny them.  Defendants deny the allegations in the second sentence of paragraph 15.

16.     Defendants deny the allegations in paragraph 16.

17.     Defendants deny the allegations in paragraph 17.

18.     The allegations in paragraph 18 are characterizations of Plaintiff's case, which require no response.  To the extent a response is required, Defendants deny the allegations.

19.     The allegations in paragraph 19 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

20.     The allegations in paragraph 20 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

21.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21, and on that basis deny them.

22.     The allegations in the first sentence in paragraph 22 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.  In response to the allegations in the second and third sentences of paragraph 22, Defendants admit that they received a letter from Plaintiff on July 1, 2011, stating that a copy had been hand delivered on June 29, 2011, and indicating that it served as a "60-day Notice of Intent to Sue Over Violations

of the Endangered Species Act and the Administrative Procedures [sic] Act in the Decision to

Include the U.S. Captive Populations of Scimitar-Horned Oryx, Dama Gazelle, and Addax in the

Listing of these Species as Endangered on September 2, 2005, and/or the Failure to Correct the

Endangered Species Act Listing of Scimitar-Horned Oryx, Dama Gazelle, and Addax to Specify

that Only the Populations in the Portion of their Range Outside of the United States are

Classified as Endangered," but otherwise deny the allegations.

23.     The allegations in paragraph 23 are conclusions of law, which require no response.  To

the extent a response is required, Defendants deny the allegations.

24.     Defendants are without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations in paragraph 24, and on that basis deny them.

25.     Defendants are without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations in paragraph 25, and on that basis deny them.

26.     Defendants are without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations in paragraph 26, and on that basis deny them.

27.     Defendants are without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations in paragraph 27, and on that basis deny them.

28.     Defendants deny the allegations in the first and second sentences of paragraph 28.

Defendants are without information or knowledge sufficient to form a belief as to the truth or

falsity of the allegations in the third sentence of paragraph 28, and on that basis deny them.

29.     The allegations in the first through third sentences of paragraph 29 are conclusions of

law, which require no response.  To the extent a response is required, Defendants deny the

allegations.  Defendants are without information or knowledge sufficient to form a belief as to

the truth or falsity of the allegations in the fourth and fifth sentences of paragraph 29, and on that basis deny them.

30.     In response to the allegations in the first and second sentences of paragraph 30, Defendants admit that Plaintiff submitted comments on February 17, 1992; on September 1, 1992; on October 22, 2003; on March 29, 2005; and on April 4, 2005, regarding a November 5, 1991, Federal Register document issuing a proposed rule to list the scimitar-horned oryx, addax, and dama gazelle under the Endangered Species Act ("ESA"), and a February 1, 2005, Federal Register document issuing a proposed rule regarding the regulatory exemption for certain acts otherwise prohibited under the ESA for U.S. captive herds of scimitar-horned oryx, addax, and dama gazelle, but otherwise deny the allegations. The allegations in the third and fourth sentences of paragraph 30 purport to characterize those comment documents submitted by Plaintiff in response to the November 5, 1991, Federal Register document issuing a proposed ESA listing rule for the scimitar-horned oryx, addax, and dama gazelle, documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Plaintiff's comment documents.

31.     In response to the allegations in the first sentence of paragraph 31, Defendants admit that on September 2, 2005, the scimitar-horned oryx, dama gazelle, and addax were listed as endangered species in their entirety under the ESA and that on September 2, 2005, a final rule promulgating a regulatory exemption for certain acts otherwise prohibited under the ESA for U.S. captive herds of scimitar-horned oryx, dama gazelle, and addax was published in the Federal Register, but otherwise deny the allegations. The allegations in the second sentence of paragraph 31 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

6

32.     Defendants admit that Plaintiff was an intervenor-defendant in *Cary v. Hall*, No. 3:05-cv-4363 (N.D. Cal.), and *Friends of Animals v. Salazar*, *Cary v. Gould*, No. 04-01660, No. 06-02120 (D.D.C.), cases that challenged the regulatory exemption for certain acts otherwise prohibited under the ESA for U.S. captive herds of scimitar-horned oryx, dama gazelle, and addax, but otherwise deny the allegations.

33.     The allegations in the first sentence of paragraph 33 purport to characterize a July 7, 2011, Federal Register document, a proposed rule regarding the removal of the regulatory exemption for certain acts otherwise prohibited under the ESA for U.S. captive herds of scimitar-horned oryx, dama gazelle, and addax, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Federal Register document.  In response to the allegations in the second sentence of paragraph 33, Defendants admit that the next step in the regulatory process is to issue a final determination regarding the removal of the regulatory exemption for certain acts otherwise prohibited under the ESA for U.S. captive herds of scimitar-horned oryx, dama gazelle, and addax, but otherwise are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations, and on that basis deny them.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of paragraph 33.  The fourth sentence of paragraph 33 consists of conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

34.     Defendants deny the allegations in the first and second sentences of paragraph 34. The allegations in the third and fourth sentence of paragraph 34 consist of conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

35.     Defendants admit the allegations in the first sentence of paragraph 35.  In response to the allegations in the second sentence of paragraph 35, Defendants admit that the Secretary of the Interior is charged with administering the ESA with respect to certain species.  The third sentence of paragraph 35 contains characterizations of Plaintiff's case, which require no response.

36.     Defendants admit the allegations in the first sentence of paragraph 36.  In response to the allegations in the second sentence of paragraph 36, Defendants admit that the Director of the U.S. Fish and Wildlife Service has been delegated the responsibility of administering the ESA with respect to certain species, but otherwise deny the allegations.  The allegations in the third sentence of paragraph 36 are characterizations of Plaintiff's case, which require no response.

37.     In response to the allegations in paragraph 37, Defendants admit that the U.S. Fish and Wildlife Service is an agency within the Department of the Interior which has been given the authority to administer and implement the ESA with respect to certain species, but otherwise deny the allegations.

38.     The allegations in the first sentence of paragraph 38 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of the ESA. The allegations in the second sentence of paragraph 38 consist of conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

39.     The allegations in the first, second, and third sentences of paragraph 39 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the ESA.  The fourth sentence in paragraph 39 purports to characterize the Listing

8

Rule, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of the document.

40.     The allegations in the first sentence of paragraph 40 consist of conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations. The allegations in the second sentence of paragraph 40 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the ESA.

41.     The allegations in paragraph 41 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the ESA.

42.     The allegations in paragraph 42 purport to characterize a February 7, 1996, Federal Register document regarding the designation of distinct vertebrate population segments under the ESA, a document which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Federal Register document.

43.     The allegations in the first sentence of paragraph 43 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.  The allegations in the second and third sentences of paragraph 43 purport to characterize certain portions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of the ESA.

44.     The allegations in paragraph 44 purport to characterize certain portions of the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the ESA.

45.     The allegations in paragraph 45 purport to characterize certain portions of the Code of Federal Regulations, regulations that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the regulations.

46.     The allegations in paragraph 46 purport to characterize certain portions of the ESA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the ESA.

47.     The allegations in paragraph 47 purport to characterize certain portions of the Administrative Procedure Act ("APA"), a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the APA.

48.     The allegations in paragraph 48 purport to characterize certain portions of the APA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the APA.

49.     The allegations in paragraph 49 purport to characterize certain portions of the APA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the APA.

50.     Defendants admit the allegations in the first sentence of paragraph 50.  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 50, and on that basis deny them. The allegations

10

in the third sentence of paragraph 50 purport to characterize the Listing Rule and the

Management Rule, Federal Register documents that speak for themselves and are the best

evidence of their contents.  Defendants deny any allegations inconsistent with the plain language

and meaning of these Federal Register documents.

51.     Defendants are without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations in the first sentence of paragraph 51 and on that basis deny

them.  The allegations in the second, third, fourth, and eighth sentences of paragraph 51

characterize the Listing Rule, a document that speaks for itself and is the best evidence of its

contents.  Defendants deny any allegations inconsistent with the plain language and meaning of

the Federal Register document.  The allegations in fifth through seventh sentences of paragraph

51 purport to characterize information from a website maintained by the International Union for

Conservation of Nature and Natural Resources ("IUCN"), information that speaks for itself and

is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain

language and meaning of the website.

52.     The allegations in the first and second sentences of paragraph 52 purport to characterize

the Listing Rule, a document that speaks for itself and is the best evidence of its contents.

Defendants deny any allegations inconsistent with the plain language and meaning of the Federal

Register document.  Defendants admit the allegations in the third sentence of paragraph 52.

53.     The allegations in paragraph 53 purport to characterize the Listing Rule, a document that

speaks for itself and is the best evidence of its contents.  Defendants deny any allegations

inconsistent with the plain language and meaning of the Federal Register document.

54.     Defendants are without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations in the first, second, and third sentences of paragraph 54 and on

that basis deny them.  The allegations in the second and third sentences of paragraph 54 also

purport to characterize a document in press, a document that speaks for itself and is the best

evidence of its contents.  The allegations in the fourth sentence of paragraph 54 purport to

characterize the Listing Rule, a document that speaks for itself and is the best evidence of its

contents.  Defendants deny any allegations inconsistent with the plain language and meaning of

the Federal Register document.

55.     The allegations in the sixth sentence of paragraph 55 purport to characterize the IUCN

website, a website that speaks for itself and is the best evidence of its contents.  Defendants deny

any allegations inconsistent with the plain language and meaning of the IUCN website.  The

remaining allegations in paragraph 55 purport to characterize the Listing Rule, a document that

speaks for itself and is the best evidence of its contents.  Defendants deny any allegations

inconsistent with the plain language and meaning of the Federal Register document.

56.     Defendants are without information or knowledge sufficient to form a belief as to the

truth or falsity of the allegations in paragraph 56, and on that basis deny them.

57.     The allegations in paragraph 57 purport to characterize studies by Ramsey, Cook,

Harmel, Traweek, and Mungall and Sheffield, documents which speak for themselves and are the

best evidence of their contents.  Defendants deny any allegations inconsistent with the plain

language and meaning of the study documents.

58.     The allegations in paragraph 58 purport to characterize studies by an anonymous author

and Mungall, documents which speak for themselves and are the best evidence of their contents.

Defendants deny any allegations inconsistent with the plain language and meaning of the study

documents.

59.     The allegations in paragraph 59 purport to characterize a January 6, 2004, technical report prepared by Dr. Elizabeth Mungall, a document which speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the document.

60.     In response to the allegations in the first sentence of paragraph 60, Defendants admit that the final ESA rule to list the scimitar-horned oryx, addax, and dama gazelle as endangered species in their entirety was published in the Federal Register on September 2, 2005, but otherwise deny the allegations.  In response to the allegations in the second sentence of paragraph 60, Defendants admit that a proposed ESA rule to list the scimitar-horned oryx, addax, and dama gazelle as endangered species was published in the Federal Register on November 5, 1991, but otherwise deny the allegations. The allegations in the third sentence in paragraph 60 purport to characterize a November 5, 1991, Federal Register document issuing a proposed ESA listing rule for the scimitar-horned oryx, addax, and dama gazelle, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this Federal Register document. The allegations in the fourth sentence of paragraph 60 purport to characterize a June 8, 1992, Federal Register document; a July 24, 2003, Federal Register document; and a November 26, 2003, Federal Register document, notices re-opening the public comment period on the proposed ESA listing rule for the scimitar-horned oryx, dama gazelle, and addax, documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of these Federal Register documents.

61.     The allegations in paragraph 61 characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this Federal Register document.

62.     The allegations in paragraph 62 characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this Federal Register document.

63.     The allegations in paragraph 63 purport to characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this Federal Register document.

64.     The allegations in paragraph 64 purport to characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this Federal Register document.

65.     The allegations in paragraph 65 purport to characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this Federal Register document.

66.     The allegations in the first sentence of paragraph 66 characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this Federal Register document.  Defendants are without information or knowledge sufficient to form

a belief as to the truth or falsity of the allegations in the second sentence of paragraph 66, and on that basis deny them.

67.     The allegations in paragraph 67 purport to characterize the Management Rule, a Federal Register document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of this Federal Register document.

68.     In response to the allegations in the first sentence of paragraph 68, Defendants admit that groups and individuals filed suit challenging the Management Rule.  The remainder of the allegations in the first sentence and all of the allegations in the second sentence of paragraph 68 purport to characterize the 2009 order and opinion issued in *Friends of Animals v. Salazar*, *Cary v. Gould*, 626 F. Supp. 2d 102 (D.D.C. 2009), an order and opinion which speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the 2009 order and opinion.

69.     All responses to allegations in the above paragraphs are incorporated herein by reference.

70.     Defendants deny the allegations in the first and second sentences of paragraph 70.  The allegations in the third sentence of paragraph 70 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

71.     Defendants deny the allegations in paragraph 71.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     The allegations in paragraph 75 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

76.     The allegations in paragraph 76 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

77.     All responses to allegations in the above paragraphs are incorporated herein by reference.

78.     Defendants deny the allegations in paragraph 78.

79.     The allegations in the first and second sentences of paragraph 79 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.  The allegations in the third sentence of paragraph 79 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language and meaning of the ESA.

80.     Defendants deny the allegations in the first sentence of paragraph 80.  The allegations in the second, third, fourth, and fifth sentences of paragraph 80 purport to characterize a November 23, 1998, Federal Register document issuing a final ESA listing rule for the Arkansas River Basin Population of the Arkansas River Shiner, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language and meaning of the Federal Register document.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     The allegations in paragraph 83 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

84.     The allegations in paragraph 84 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

85.     All responses to allegations in the above paragraphs are incorporated herein by reference.

86.     The allegations in the first sentence of paragraph 86 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations in the second sentence of paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     The allegations in paragraph 90 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

91.     The allegations in paragraph 91 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

92.     All responses to allegations in the above paragraphs are incorporated herein by reference.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants deny the allegations in paragraph 95 that "[t]he cost, bureaucracy and uncertainty associated with the application process fails to help the conservation of the species in any way."  Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 95 and on that basis deny them.

96.     Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96 and on that basis deny them.

97.     Defendants deny the allegations in paragraph 97.

98.     The allegations in paragraph 98 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

99.     The allegations in paragraph 99 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

100.    All responses to allegations in the above paragraphs are incorporated herein by reference.

101.    Defendants deny the allegations in paragraph 101.

102.    In response to the allegations in paragraph 102, Defendants admit that they have not published a finding whether the petition submitted by Plaintiff dated June 28, 2010, presents substantial scientific or commercial information indicating that the petitioned action may be warranted, but otherwise deny the allegations.

103.    In response to the allegations in the first sentence of paragraph 103, Defendants admit that they have not published a finding whether the petitioned action submitted by Plaintiff dated June 28, 2010, is warranted, is not warranted, or is warranted but precluded by other higher priority listing proposals, but otherwise deny the allegations.  Defendants deny the allegations in the second sentence of paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    The allegations in paragraph 105 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

106.    The allegations in paragraph 106 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

        The remainder of Plaintiff's Complaint for Declarative and Injunctive Relief consists of Plaintiff's Prayer for Relief, which requires no response.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested in their Complaint for Declarative and Injunctive Relief or to any relief whatsoever.

18

## **GENERAL DENIAL**

Defendants deny each and every allegation in the Complaint for Declarative and Injunctive Relief not otherwise expressly admitted, qualified, or denied herein.  To the extent that any allegations in Plaintiff's Complaint for Declarative and Injunctive Relief remain unanswered, Defendants hereby deny such allegations.

## **DEFENSES**

1.      The Court lacks jurisdiction over Count V.

2.      Plaintiff lacks standing to bring some or all of its claims for relief.

WHEREFORE, Defendants deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Defendants, and that the Court order such other and further relief as the Court may allow.

Dated: November 7, 2011

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

SETH M. BARSKY, Section Chief
KRISTEN L. GUSTAFSON, Asst. Section Chief

/s/ Meredith L. Flax
MEREDITH L. FLAX
Sr. Trial Attorney (D.C. Bar No. 468016)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Telephone: (202) 305-0404
Facsimile: (202) 305-0275

Meredith.Flax@usdoj.gov

**Attorneys for Federal Defendants**