**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL,<br><br>             Plaintiff,<br><br>      v.<br><br>KEN SALAZAR, in his official capacity as Secretary of the U.S. Department of the Interior, *et al.*,<br><br>             Defendants. | Civil Action No. 11-cv-01564 (BAH)<br>Judge Beryl A. Howell |
| TERRY OWEN, *et al.*,<br><br>             Plaintiffs,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>             Defendants. | Civil Action No. 12-cv-00194 (BAH)<br>Judge Beryl A. Howell<br>(Consolidated Cases) |

**MEMORANDUM OPINION AND ORDER**

On February 21, 2012, the Court directed that the two captioned cases, *Safari Club International v. Salazar, et al.*, Case No. 11-cv-01564, and *Owen, et al. v. United States Department of the Interior, et al.*, Case No. 12-cv-00194, be consolidated. *See* Minute Order (Feb. 21, 2012). For the reasons explained below, the Clerk of the Court is directed to consolidate *Exotic Wildlife Association, et al. v. United States Department of the Interior, et al.*, Case No. 12-cv-00340 ("EWA Action"), with the two captioned cases.

## I.      BACKGROUND

On March 9, 2012, the Federal Defendants in *Safari Club International v. Salazar, et al.*, Case No. 11-cv-01564 ("SCI Action"), filed a Notice of Related Case, alerting the Court to the filing of the EWA Action.  *See* Case No. 11-cv-01564, ECF No. 27.  Upon receipt of the Notice of a Related Case, this Court directed the plaintiffs in the above-captioned cases before it, if they wished to be heard on whether the EWA Action was related, to submit their position.  Minute Order (Mar. 9, 2012).  In response to the Court's Order, Safari Club International ("SCI") took no position on whether the cases are related.  *See* 11-cv-01564, ECF No. 28.[1]  While the plaintiffs in the EWA Action filed an objection on March 13, 2012, arguing that their case is not related to the two other cases pending before this Court, *see* Case No. 12-cv-00194, ECF No. 24, Pls.' Statement of Position Objecting to Government's Notice of Related Case ("EWA's Objection"), both the judge to whom the EWA Action was originally assigned and the presiding judge determined otherwise, and the case was transferred to the presiding judge on March 14, 2012.

## II.     CONSOLIDATION OF THE CASES

Under Federal Rule of Civil Procedure 42(a), a district court has authority to order consolidation when actions involving "a common question of law or fact" are pending before the court.  FED. R. CIV. P. 42(a).  "Consolidation under this rule 'is permissive and vests a purely discretionary power in the district court.'"  *Colbert v. FBI*, Nos. 11-771, 11-772, 11-928, 2011 U.S. Dist. LEXIS 68179, at *3 (D.D.C. Jun. 27, 2011) (quoting *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. Mar. 21, 2011)); *Hanson v. District of Columbia*, No. 09-0454, 2009 U.S. Dist. LEXIS 38827, at *4 (D.D.C. May 7, 2009).  "In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the

---

[1] The plaintiffs in *Owen, et al. v. United States Department of the Interior, et al.*, Case No. 12-cv-00194, made no submission.

burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Colbert*, 2011 U.S. Dist. LEXIS 68179, at *3. "Consolidation allows courts to avoid the squandering of resources in unnecessary proceedings, and district courts have the authority to exercise discretion in determining if such consolidation is appropriate." *Middlebrooks v. Godwin Corp.*, Nos. 11-00922, 11-00924, 2011 WL 5395656, at *4 (D.D.C. Nov. 9, 2011)

## III.  PENDING PRELIMINARY INJUNCTIONS AND COMPLAINTS

The plaintiffs in both the EWA Action and in the SCI Action have filed a Motion for Preliminary Injunction seeking to enjoin defendants from enforcing the same final rule, Removal of the Regulation That Excludes U.S. Captive-Bred Scimitar-Horned Oryx, Addax, and Dama Gazelle From Certain Prohibitions, 77 Fed. Reg. 431 (Jan. 5, 2012). *See* Case No. 11-cv-01564, ECF No. 26 at 1; Case No. 12-cv-00340, ECF No. 3 at 2. This rule, which goes into effect on April 4, 2012, will "[remove] the exclusion of U.S. captive-bred live wildlife and sport-hunted trophies of three endangered antelopes—scimitar-horned oryx, addax, and dama gazelle—from the prohibition of certain activities, such as take and export, under the [Endangered Species Act of 1973]." *See* 77 Fed. Reg. 431 (Jan. 5, 2012).[2]

On March 6, 2012, the plaintiffs in the EWA Action filed a preliminary injunction seeking to enjoin the U.S. Fish and Wildlife Service from enforcement of this rule. *See* ECF No. 3. The EWA plaintiffs argue that "[u]nder the status quo, these animals are thriving. This Court should preserve the status quo unless the Court can be sure that the animals will not become extinct once

---

[2] As SCI explains, "[a]lthough the U.S. non-native captive populations of the three antelope species have been classified as endangered since September 2, 2005, the majority of the prohibitions, restrictions and requirements attendant to that endangered classification have never been enforced. This is because, on the same day that it listed the three antelope species as endangered, the U.S. Fish and Wildlife Service . . . promulgated a companion regulation [50 C.F.R. 17.21(h)] that exempted the U.S. non-native captive populations of the three antelope species from most of those prohibitions, restrictions, and requirements. In effect, the enforcement of endangered status for these populations has been kept at bay for the last seven years. On January 5, 2012, the Service published a Final Rule to withdraw the exemption [*see* 77 Fed. Reg. 431 (Jan. 5, 2012), which rescinds 50 C.F.R. 17.21(h)]. As a result, on April 4, 2012, the FWS will, for the first time, fully enforce endangered species status for the U.S. non-native captive populations of the three antelope species." Case No. 11-cv-01564, ECF No. 26, Pl.'s Mem. in Supp. of Prelim. Inj. ("SCI Prelim. Inj. Mem") at 1.

the rule goes into effect.  Failure to do so 'could result in irreparable harm to a threatened species.'"

Pls.' Mem. in Supp. of Mot. for Prelim. Inj. ("EWA Prelim. Inj. Mem."), Case No. 12-cv-00340,

ECF No. 3 at 45.

On March 8, 2012, the plaintiff in the SCI Action filed a preliminary injunction "seek[ing]

only to maintain the status quo by enjoining enforcement of the endangered status of the U.S.

captive populations of the three Antelope."  Case No. 11-cv-01564, ECF No. 26 at 41.  The plaintiff

states that 77 Fed. Reg. 431 "did not create any new permit requirements, but simply removed the

exemption promulgated on September 2, 2005 and, for the first time, subjected the U.S. non-native

captive herds of the three antelope species to all prohibitions, restrictions and requirements

applicable to endangered species.  Now, those seeking to 'take' one of these animals, either by

selling hunts for these antelope or by hunting them, have to apply for a permit to do so."  *Id.* at 18.

SCI argues for a preliminary injunction because it and its members "are being irreparably harmed

by the impending permit requirements and other prohibitions and restrictions that will officially go

into effect on April 4, 2012."  *Id.* at 32.  It therefore asks this court to enjoin "enforcement of full

endangered status for the U.S. non-native captive members of the scimitar-horned oryx, dama

gazelle and addax including the withdrawal of 50 C.F.R. 17.21(h)."  ECF No. 26-2 (Pl's Proposed

Order).

While the parties' preliminary injunctions essentially seek the same relief, their complaints

challenge different rules related to the Oryx, Addax, and Dama Gazelle, based on different

administrative records.  SCI "filed [its] lawsuit to challenge the legality of the [Fish and Wildlife

Service's] decision to list the U.S. non-native captive herds of the three species as endangered."

SCI Prelim. Inj. Mem. at 1.  "But for that endangered species listing, it would not be necessary for

the [Fish and Wildlife Service] to implement permit requirements for the take of members of these

populations."  *Id.*  EWA's "claim is that [the Fish and Wildlife Service] acted arbitrarily,

capriciously, and contrary to law when it issued a final rule on January 5, 2012[, which] requires compliance with a lengthy permitting process for any ranch that wishes to keep raising these antelope, endangering the continued success of domestic populations of these species, and was imposed without the [Fish and Wildlife Service] preparing an environmental assessment.  It is this permitting scheme, proposed in 2011 and imposed on January 5, 2012 that [EWA] is challenging before this Court." EWA's Objection at 10-11.  Nevertheless, the Court views the cases as sufficiently similar factually to warrant consolidation.  Accordingly, it is hereby

**ORDERED** that, for the reasons set forth above, *Exotic Wildlife Association, et al. v. United States Department of the Interior, et al.*, Case No. 12-cv-00340, is consolidated with *Safari Club International v. Salazar, et al.*, Case No. 11-cv-01564, and *Owen, et al. v. United States Department of the Interior, et al.*, Case No. 12-cv-00194; it is further

**ORDERED** that all filings in these consolidated cases should be made only in Case No. 11-cv-01564.  The parties shall make no additional filings in Case Nos. 12-cv-00194 and 12-cv-00340.

**SO ORDERED**.

**DATED: March 16, 2012**                    /s/ *Beryl A. Howell*
                                             BERYL A. HOWELL
                                             United States District Judge