**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SAFARI CLUB INTERNATIONAL,
501 2nd Street, NE
Washington, DC 20002

Plaintiff,

v.

KEN SALAZAR, in his official capacity as Secretary of the U.S. Department of the Interior; DANIEL ASHE, in his official capacity as Director of the U.S. Fish and Wildlife Service; and U.S. FISH AND WILDLIFE SERVICE,
1849 "C" Street, NW
Washington, DC 20240

Defendants.

Civil Action No. 1:11-cv-01564-BAH

**Defendant's Answer to Plaintiff's Complaint for Declaratory and Injunctive Relief**

Michal Harris (DCB#CO0049), Environmental Law Clinic, University of Denver, School of Law, 2255 E. Evans Ave., Denver, CO 80208, (303) 871-6034, (303) 871-6991 [Fax], elc@law.du.edu, Attorney for Proposed Defendant-Intervenor Friends of Animals, hereby answers the Complaint and sets forth its affirmative defenses in this matter.

## INTRODUCTION

1. Paragraph 1 purports to characterize a final rule published in the Federal Register, 70 Fed. Reg. 52,319 (Sept. 2, 2005) ("Listing Rule"), a document that speaks for itself and provides the best evidence of its contents; any allegation contrary to its plain meaning is denied.

2. Defendant denies the allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 are conclusions of law, to the extent a response is required, Defendant denies the allegations.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 5, and on that basis denies them.

6. Defendant admits the allegations in Paragraph 6.

7. The allegations in Paragraph 7 purport to characterize a final rule published in the Federal Register, 70 Fed. Reg. 52,310 (Sept. 2, 2005) ("Sport Hunting Rule"), a document that speaks for itself and is the best evidence of its contents. Defendant denies any allegation that is inconsistent with the plain language and meaning of the Sport Hunting Rule.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, and on that basis denies them.

9. The allegations in paragraph 9 purport to characterize the order and opinion issued in the cases *Friends of Animals v. Salazar*, and *Cary v. Gould*, 626 F. Supp. 2d 102 (D.D.C. 2009), documents that speak for themselves and are the best evidence of their contents. Defendant denies any allegation that is inconsistent with the plain language and meaning of those documents.

10. Defendant admits the allegations in sentences 1 and 4 in Paragraph 10 that Plaintiffs submitted a petition and that the FWS have not acted on that petition. Defendant denies all other allegations in Paragraph 10.

11. The allegations in Paragraph 11 purport to characterize a proposed rule published in the Federal Register, 76 Fed. Reg. 39,804 (July 7, 2011), a document that speaks for itself and is the best evidence of its contents. Defendant denies any allegation inconsistent with the plain language and meaning of that document.

12. Defendant admits that Plaintiffs submitted comments to the proposed rule. However, Defendant

denies all other allegations in Paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and on that basis denies them.

14. Defendant denies the allegations in Paragraph 14.

15. Defendant denies the allegations in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16.

17. Defendant denies all allegations in Paragraph 17, unless specifically stated otherwise:

- Defendant denies the allegations in subpart 1.
- Defendant denies the allegations in subpart 2.
- Defendant denies the allegations in subpart 3.
- Defendant denies the allegations in subpart 4.
- Defendant denies the allegations in subpart 5.
- Defendant denies the allegations in subpart 6.
- Defendant denies the allegations in subpart 7.
- Defendant denies the allegations in subpart 8.
- Defendant denies the allegations in subpart 9.
- Defendant denies the allegations in subpart 10.
- Defendant denies the allegations in subpart 11.
- Defendant denies the allegations in subpart 12 regarding the “erroneous listing,” but admits that the FWS violated the ESA and APA by failing to act, one way or another, on the submitted petition.

18. The allegations set forth in Paragraph 18 are a characterization of Plaintiff’s Complaint and requested relief to which no response is required. To the extent a response may be required, these

allegations are denied.

## JURISDICTION AND VENUE

19. The allegations in Paragraph 19 are conclusions of law, which require no response. To the extent a response is required, Defendant denies the allegations.

20. The allegations in Paragraph 20 are conclusions of law, which require no response. To the extent a response is required, Defendant denies the allegations.

21. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21, and on that basis denies them.

22. Defendant admits that Plaintiff furnished written notice of its intent to sue under the ESA more than sixty days ago. Defendant denies the remaining allegations set forth in Paragraph 22.

23. The allegations in Paragraph 23 are conclusions of law, which require no response. To the extent a response is required, Defendant denies the allegations.

## PARTIES

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and on that basis denies them.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25, and on that basis denies them.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26, and on that basis denies them.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27, and on that basis denies them.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28, and on that basis denies them.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29, and on that basis denies them.

30. Defendant admits the allegations that Plaintiffs submitted a petition. Defendant denies all other allegations in Paragraph 30.

31. Defendant admits that the stated law does regulate owners of captive-bred population of the three antelope species. Defendant denies all other allegations in Paragraph 31.

32. Defendant admits that Safari Club participated in litigation in federal district courts to defend the regulatory exemption.

33. Defendant admits that the FWS has announced its intention to adopt a permit-based system as stated by Plaintiffs. However, Defendant is without knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in Paragraph 33, and on that basis denies them.

34. The allegations set forth in Paragraph 34 are a characterization of Plaintiff's Complaint and requested relief to which no response is required. To the extent a response may be required, these allegations are denied.

35. In response to the allegations in Paragraph 35, Defendant admits that Ken Salazar is the Secretary of the Interior and is being sued by Plaintiffs. The third sentence of Paragraph 35 contains characterizations of Plaintiff's case, which require no response; to the extent a response is required, Defendant denies them.

36. In response to the allegations in Paragraph 36, Defendant admits that Daniel Ashe is the Director of the Fish and Wildlife Service and is being sued by Plaintiffs. The third sentence of Paragraph 35 contains characterizations of Plaintiff's case, which require no response; to the extent a response is required, Defendant denies them.

37. In response to the allegations in Paragraph 37, Defendant admits that the Fish and Wildlife Service is

a federal agency within Department of Interior authorized to administer the Endangered Species Act ("ESA"), but otherwise denies the allegations.

**LEGAL BACKGROUND: ENDANGERED SPECIES ACT ("ESA")**

38. Paragraph 38 purports to characterize a provision of the ESA, a statute that speaks for itself and provides the best evidence of its contents; any allegation contrary to its plain meaning is denied.

39. Paragraph 39 purports to characterize a provision of the ESA, a statute that speaks for itself and provides the best evidence of its contents; any allegation contrary to its plain meaning is denied. Defendant admits that the FWS listed all populations of the three antelope species as endangered, both in their native habitats and U.S. captive populations.

40. Paragraph 40 purports to characterize the ESA's implementing regulations, regulations that speak for themselves, and provide the best evidence of their contents; any allegations contrary to their plain meaning are denied.

41. Paragraph 41 purports to characterize the ESA's implementing regulations, regulations that speak for themselves, and provide the best evidence of their contents; any allegations contrary to their plain meaning are denied.

42. Paragraph 42 purports to characterize a policy under the Department of the Interior and the Department of Commerce, regulations that speak for themselves, and provide the best evidence of their contents; any allegations contrary to their plain meaning are denied.

43. Paragraph 43 purports to characterize the ESA's implementing regulations, regulations that speak for themselves, and provide the best evidence of their contents; any allegations contrary to their plain meaning are denied.

44. Paragraph 44 purports to characterize the ESA's implementing regulations, regulations that speak for themselves, and provide the best evidence of their contents; any allegations contrary to their plain

meaning are denied.

45. Paragraph 45 purports to characterize the ESA's implementing regulations, regulations that speak for themselves, and provide the best evidence of their contents; any allegations contrary to their plain meaning are denied.

46. Paragraph 46 purports to characterize the ESA's implementing regulations, regulations that speak for themselves, and provide the best evidence of their contents; any allegations contrary to their plain meaning are denied.

**LEGAL BACKGROUND: ADMINISTRATIVE PROCEDURE ACT ("APA")**

47. Paragraph 47 purports to characterize the APA's implementing regulations, regulations that speak for themselves, and provide the best evidence of their contents; any allegations contrary to their plain meaning are denied.

48. Paragraph 48 purports to characterize the APA's implementing regulations, regulations that speak for themselves, and provide the best evidence of their contents; any allegations contrary to their plain meaning are denied.

49. Paragraph 49 purports to characterize the APA's implementing regulations, regulations that speak for themselves, and provide the best evidence of their contents; any allegations contrary to their plain meaning are denied.

**FACTUAL BACKGROUND: THE THREE ANTELOPE SPECIES**

50. Defendant admits the allegations in Paragraph 50, but notes that it only admits that the regulatory exemption claimed that hunting and other activities enhance the survival of the three antelope species. Defendant does not admit that this finding by the FWS was correct.

51. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 51 and on that basis denies

them. The allegations in the second, third, fourth, and eighth sentences of Paragraph 51 characterize the Listing Rule, a document that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of the Federal Register document. The allegations in fifth through seventh sentences of Paragraph 51 purport to characterize information from a website maintained by the International Union for Conservation of Nature and Natural Resources ("IUCN"), information that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of the website.

52. The allegations in the first and second sentences of Paragraph 52 purport to characterize the Listing Rule, a document that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of the Federal Register document. Defendant admits the allegations in the third sentence of Paragraph 52.

53. The allegations in Paragraph 53 purport to characterize the Listing Rule, a document that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of the Federal Register document.

54. Defendant admits the allegations in Paragraph 54.

55. The allegations in the sixth sentence of Paragraph 55 purport to characterize the IUCN website, a website that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of the IUCN website. The remaining allegations in Paragraph 55 purport to characterize the Listing Rule, a document that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of the Federal Register document.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 56, and on that basis denies them.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57, and on that basis denies them.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 58, and on that basis denies them.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59, and on that basis denies them.

**FACTUAL BACKGROUND: REGULATION AND LITIGATION CONCERNING THE THREE ANTELOPE SPECIES**

60. Defendant admits to the allegations in Paragraph 60.

61. The allegations in Paragraph 61 characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of this Federal Register document.

62. The allegations in Paragraph 62 characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of this Federal Register document.

63. The allegations in Paragraph 63 purport to characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of this Federal Register document.

64. Defendant denies the allegations in Paragraph 64.

65. The allegations in Paragraph 65 purport to characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of this Federal Register

document.

66. The allegations in the first sentence of Paragraph 66 characterize the Listing Rule, a Federal Register document that speaks for itself and is the best evidence of its contents. Defendant denies any allegations inconsistent with the plain language and meaning of this Federal Register document. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 66, and on that basis denies them.

67. Defendant admits that the FWS promulgated a rule that exempted activities otherwise prohibited by the ESA on September 2, 2005. Defendant denies all other allegations in Paragraph 67.

68. Defendant admits the allegations in Paragraph 68.

**CAUSES OF ACTION: COURT I**

69. Defendant's responses to each and every allegation set forth in Plaintiff's Complaint are incorporated herein by reference and thus provide the response to Plaintiff's Paragraph 69.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. Defendant denies the allegations in Paragraph 75.

76. The allegations set forth in Paragraph 76 are a characterization of Plaintiff's Complaint and requested relief to which no response is required. To the extent a response may be required, these allegations are denied.

**CAUSES OF ACTIONS: COUNT II**

77. Defendant’s responses to each and every allegation set forth in Plaintiff’s Complaint are incorporated herein by reference and thus provide the response to Plaintiff’s Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. Defendant denies the allegations in Paragraph 79.

80. Defendant denies the allegations in Paragraph 80.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. The allegations set forth in Paragraph 84 are a characterization of Plaintiff’s Complaint and requested relief to which no response is required. To the extent a response may be required, these allegations are denied.

**CAUSES OF ACTIONS: COUNT III**

85. Defendant’s responses to each and every allegation set forth in Plaintiff’s Complaint are incorporated herein by reference and thus provide the response to Plaintiff’s Paragraph 85.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant denies the allegations in Paragraph 88.

89. Defendant denies the allegations in Paragraph 89.

90. Defendant denies the allegations in Paragraph 90.

91. The allegations set forth in Paragraph 91 are a characterization of Plaintiff’s Complaint and requested relief to which no response is required. To the extent a response may be required, these allegations are denied.

**CAUSES OF ACTIONS: COUNT IV**

92. Defendant's responses to each and every allegation set forth in Plaintiff's Complaint are incorporated herein by reference and thus provide the response to Plaintiff's Paragraph 92.

93. Defendant denies the allegations in Paragraph 93.

94. Defendant denies the allegations in Paragraph 94.

95. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95, and on that basis denies them.

96. Defendant denies the allegations in Paragraph 96.

97. Defendant denies the allegations in Paragraph 97.

98. Defendant denies the allegations in Paragraph 98.

99. The allegations set forth in Paragraph 99 are a characterization of Plaintiff's Complaint and requested relief to which no response is required. To the extent a response may be required, these allegations are denied.

**CAUSES OF ACTIONS: COUNT V**

100. Defendant's responses to each and every allegation set forth in Plaintiff's Complaint are incorporated herein by reference and thus provide the response to Plaintiff's Paragraph 100.

101. Defendant admits the allegations in Paragraph 101, FWS failed to respond to Plaintiff's petition within a reasonable amount of time.

102. Defendant admits the allegations in Paragraph 102, FWS failed to make a 90-day finding.

103. Defendant admits that FWS failed to make a determination in a timely manner. However, Defendant denies all other allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104.

105. Defendant denies the allegations in Paragraph 105.

106. The allegations set forth in Paragraph 106 are a characterization of Plaintiff's Complaint and

requested relief to which no response is required. To the extent a response may be required, these allegations are denied.

**PRAYER FOR RELIEF**

The remaining allegations set forth in the Complaint consist of Plaintiffs' prayer for relief, to which no response is required. Defendant denies that Plaintiffs are entitled to the relief prayed for, or any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for the Defendant, and that the Defendant's costs be allowed and such other and further relief as the court may allow.

**GENERAL DENIAL**

Defendant hereby denies any allegations of Plaintiffs' Complaint, whether express or implied, that are not otherwise specifically admitted, denied, or qualified herein.

Dated this 22nd day of November, 2011.

Respectfully submitted,

/s/_ Michael Harris__

Michael Ray Harris
DC Bar No. CO0049
Environmental Law Clinic
Ricketson Law Building
University of Denver Sturm College of Law
2255 E. Evans Avenue, Suite 335
Denver, CO 80208
Phone: (303) 871-6140
Fax: (303) 871-6847
elc@law.du.edu

Attorney for Proposed Defendant-Intervenor
Friends of Animals