**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 1:11-cv-1564 BAH |
| ) | |
| KEN SALAZAR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**[PROPOSED] ANSWER OF DEFENDANT-INTERVENORS**

Proposed Intervenor-Defendants hereby answer the Complaint for declaratory judgment and injunctive relief ("Complaint") filed by Plaintiff Safari Club International in the above captioned action. All factual allegations not expressly admitted are denied.

**INTRODUCTION**

1. Paragraph 1 explains a final rule published in the Federal Register, 70 Fed. Reg. 52,319 (Sept. 2, 2005) ("Listing Rule"). The Listing Rule speaks for itself and is the best evidence of its contents.

2. Paragraph 2 constitutes a characterization of Plaintiff's Complaint, to which no response is required.

3. Paragraph 3 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations.

4. The allegations in paragraph 4 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

5. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis they are denied.

6. The allegations in paragraph 6 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

7. Paragraph 7 explains a final rule published in the Federal Register, 70 Fed. Reg. 52,310 (Sept. 2, 2005) ("Antelope Exemption"). The Antelope Exemption speaks for itself and is the best evidence of its contents.

8. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis they are denied.

9. Paragraph 9 explains a ruling in *Friends of Animals v. Salazar*, 626 F. Supp. 2d 102 (D.D.C. 2009). The ruling speaks for itself and is the best evidence of its contents.

10. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis they are denied.

11. Paragraph 11 explains a proposed rule published in the Federal Register, 76 Fed. Reg. 39,804 (July 7, 2011). The proposed rule speaks for itself and is the best evidence of its contents.

12. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis they are denied.

13. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis they are denied.

14. Defendant-Intervenors deny the allegations in Paragraph 14.

15. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15, and on that basis they are denied.

16. Defendant-Intervenors deny the allegations in Paragraph 16.

17. Defendant-Intervenors deny the allegations in Paragraph 17.

18. Paragraph 18 constitutes a characterization of Plaintiff's case, to which no response is required.

## JURISDICTION AND VENUE

19. The allegations in paragraph 19 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

20. The allegations in paragraph 20 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

21. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis they are denied.

22. The allegations in the first sentence of Paragraph 22 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations. As to the remainder of Paragraph 22, Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations, and on that basis they are denied.

23. The allegations in paragraph 23 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

## PARTIES

24. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis they are denied.

25. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 25, and on that basis they are denied.

26. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis they are denied.

27. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27, and on that basis they are denied.

28. Defendant-Intervenors deny the allegations in the first and second sentences of Paragraph 28. Defendant-Intervenors are without information or knowledge sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 28, and on that basis they are denied.

29. The allegations in the first through third sentences of Paragraph 29 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations. Defendant-Intervenors are without information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences of Paragraph 29, and on that basis they are denied.

30. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis they are denied.

31.     Paragraph 31 explains a final rule published in the Federal Register, 70 Fed. Reg. 52,319 (Sept. 2, 2005) ("Listing Rule"). The Listing Rule speaks for itself and is the best evidence of its contents.

32.     Defendant-Intervenors admit that Plaintiff SCI participated in the litigation in federal district courts in California and the District of Columbia challenging the regulatory exemption for antelopes issued on September 2, 2005.

33.     The first sentence in Paragraph 33 explains a proposed rule published in the Federal Register, 76 Fed. Reg. 39,804 (July 7, 2011). The proposed rule speaks for itself and is the best evidence of its contents. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis they are denied.

34.     Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis they are denied.

35.     Defendant-Intervenors admit the allegations in the first and second sentences of Paragraph 35. The third sentence of paragraph 35 explains Plaintiff's case, which requires no response.

36.     Defendant-Intervenors admit the allegations in the first and second sentences of Paragraph 36. The third sentence of paragraph 36 explains Plaintiff's case, which requires no response.

37.     Defendant-Intervenors admit the allegations in Paragraph 37.

## LEGAL BACKGROUND

**A.     The Endangered Species Act**

38-46.  The allegations in Paragraphs 38-46 are characterizations of the requirements of the Endangered Species Act ("ESA") and its implementing regulations.  The ESA and its implementing regulations speak for themselves and are the best evidence of their respective contents.

**B.     The Administrative Procedure Act**

47-49.  The allegations in Paragraphs 47-49 are characterizations of the requirements of the Administrative Procedure Act ("APA").  The APA speaks for itself and is the best evidence of its contents.

## FACTUAL BACKGROUND

**A.     The Three Antelope Species**

50.     Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 50, and on that basis they are denied.  As to the allegations referencing the Antelope Exemption, the Antelope Exemption speaks for itself and is the best evidence of its contents.

51.     Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 51, and on that basis they are denied.  As to the allegations referencing the Listing Rule, the Listing Rule speaks for itself and is the best evidence of its contents.

52.     Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis they are denied.  As to the

allegations referencing the Listing Rule, the Listing Rule speaks for itself and is the best evidence of its contents.

53. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 53, and on that basis they are denied. As to the allegations referencing the Listing Rule, the Listing Rule speaks for itself and is the best evidence of its contents.

54. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis they are denied. As to the allegations referencing the Listing Rule, the Listing Rule speaks for itself and is the best evidence of its contents.

55. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 55, and on that basis they are denied. As to the allegations referencing the Listing Rule, the Listing Rule speaks for itself and is the best evidence of its contents.

56. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 56, and on that basis they are denied.

57. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis they are denied.

58. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 58, and on that basis they are denied.

59. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 59, and on that basis they are denied.

**B.     Regulation and Litigation Concerning the Three Antelope Species**

60.     The allegations in Paragraph 60 attempt to explain the history of the Listing Rule and the contents of the rule.  The Listing Rule speaks for itself and is the best evidence of its contents.

61.     Paragraph 61 explains the Listing Rule.  The Listing Rule speaks for itself and is the best evidence of its contents.

62.     Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 62, and on that basis they are denied.

63.     Paragraph 63 explains the Listing Rule.  The Listing Rule speaks for itself and is the best evidence of its contents.

64.     Paragraph 64 explains the Listing Rule.  The Listing Rule speaks for itself and is the best evidence of its contents.

65.     Paragraph 65 explains the Listing Rule.  The Listing Rule speaks for itself and is the best evidence of its contents.

66.     Paragraph 66 explains the Listing Rule.  The Listing Rule speaks for itself and is the best evidence of its contents.

67.     Paragraph 67 explains the Antelope Exemption.  The Antelope Exemption speaks for itself and is the best evidence of its contents.

68.     Paragraph 68 explains a ruling in *Friends of Animals v. Salazar*, 626 F. Supp. 2d 102 (D.D.C. 2009).  The ruling speaks for itself and is the best evidence of its contents.

## CAUSES OF ACTION

### Count I

69. All responses to allegations in the above paragraphs are incorporated herein by reference.

70. Defendant-Intervenors deny the allegations in the first and second sentences of paragraph 70. The allegations in the third sentence of paragraph 70 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

71. Defendant-Intervenors deny the allegations in paragraph 71.

72. Defendant-Intervenors deny the allegations in paragraph 72.

73. Defendant-Intervenors deny the allegations in paragraph 73.

74. Defendant-Intervenors deny the allegations in paragraph 74.

75. The allegations in paragraph 75 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

76. The allegations in paragraph 76 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

### Count II

77. All responses to allegations in the above paragraphs are incorporated herein by reference.

78. Defendant-Intervenors deny the allegations in paragraph 78.

79. Defendant-Intervenors deny the allegations in paragraph 79.

80. Defendant-Intervenors deny the allegations in paragraph 80, with the exception of the quotation of a Federal Register notice that speaks for itself and is the best evidence of its contents.

81. Defendant-Intervenors deny the allegations in paragraph 81.

82. Defendant-Intervenors deny the allegations in paragraph 82.

83. The allegations in paragraph 83 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

84. The allegations in paragraph 84 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

## Count III

85. All responses to allegations in the above paragraphs are incorporated herein by reference.

86. The allegations in the first sentence of Paragraph 86 are conclusions of law, to which no response is required. To the extent a response is required, Defendant-Intervenors deny the allegations. Defendant-Intervenors deny the allegations in the second sentence of Paragraph 86.

87. Defendant-Intervenors deny the allegations in paragraph 87.

88. Defendant-Intervenors deny the allegations in paragraph 88.

89. Defendant-Intervenors deny the allegations in paragraph 89.

90. The allegations in paragraph 90 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

91. The allegations in Paragraph 91 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

## Count IV

92. All responses to allegations in the above paragraphs are incorporated herein by reference.

93. Defendant-Intervenors deny the allegations in paragraph 93.

94. Defendant-Intervenors deny the allegations in paragraph 94.

95. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 95, and on that basis they are denied.

96. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 96, and on that basis they are denied.

97. Defendant-Intervenors deny the allegations in paragraph 97.

98. The allegations in Paragraph 98 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

99. The allegations in paragraph 99 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

## Count V

100. All responses to allegations in the above paragraphs are incorporated herein by reference.

101. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 101, and on that basis they are denied.

102. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 102, and on that basis they are denied.

103. Defendant-Intervenors lack information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 103, and on that basis they are denied.

104. Defendant-Intervenors deny the allegations in paragraph 104.

105. The allegations in Paragraph 105 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

106. The allegations in Paragraph 106 are conclusions of law, which require no response. To the extent a response is required, Defendant-Intervenors deny the allegations.

## PRAYER FOR RELIEF

1-5. Paragraphs 1-5 of Plaintiff's Prayer for Relief characterize Plaintiff's requests for relief should they prevail on their claims and do not require a response. To the extent a response is required, Defendant-Intervenors deny that the Plaintiff is legally or equitably entitled to any of the relief it seeks.

## GENERAL DENIAL

Defendant-Intervenors deny each and every allegation in the Complaint for Declarative and Injunctive Relief not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiff's Complaint for Declarative and Injunctive Relief remain unanswered, Defendant-Intervenors hereby deny such allegations.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state a claim for which relief can be granted.

2. The Court lacks jurisdiction over Count V.

3. Plaintiff lacks standing to bring some or all of its claims for relief.

WHEREFORE, Defendant-Intervenors deny that Plaintiff is entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Defendants and Defendant-Intervenors, and that the Court order such other and further relief as the Court may allow.

Defendant-Intervenors reserve the right to amend and/or supplement these affirmative defenses as appropriate.

Respectfully Submitted,

/s/
William S. Eubanks II (D.C. Bar No. 987036)
Katherine A. Meyer (D.C. Bar No. 244301)
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue NW, Suite 700
Washington, D.C. 20009
(202) 588-5206 / (202) 588-5049 (fax)
beubanks@meyerglitz.com
kmeyer@meyerglitz.com

Counsel for Proposed Defendant-Intervenors