# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| _____ ) <br> ) <br> Safari Club International ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Ken Salazar, in his official capacity ) <br> as Secretary of the U.S. Department ) <br> of the Interior, et al. ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 11-cv-01564 (BAH) <br> Hon. Beryl A. Howell |
| _____ ) <br> ) <br> Terry Owen, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> United States Department of the ) <br> Interior, et al. ) <br> of the Interior, et al. ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 12-cv-00194 (BAH) <br> Hon. Beryl A. Howell <br> (Consolidated Cases |
| _____ ) <br> ) <br> The Exotic Wildlife Association, ) <br> et al. ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> The U.S. Department of the Interior, ) <br> et al. ) <br> Defendants. ) <br> _____ ) | Civil Action No. 12-cv-00340-BAH <br> Hon. Beryl A. Howell <br> (Consolidated Cases) |

1

### AMICUS CURIAE BRIEF OF THE TEXAS DEPARTMENT OF AGRICULTURE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

The Texas Department of Agriculture (hereinafter "TDA") files this amicus curiae brief in support of the Motion for Preliminary Injunction filed by Plaintiffs The Exotic Wildlife Association, et al., in this case.

#### I.  Statement of Interest.

Pursuant to section 12.002 of the Texas Agriculture Code, TDA is charged with encouraging the proper development and promotion of agriculture, horticulture, and other industries that grow, process, or produce products in Texas.  Further, TDA is charged with promoting economic growth in rural areas of Texas.  Tex. Agr. Code § 12.027. Pursuant to its statutory authority, TDA has established the Go Texan Wildlife Program, which promotes businesses and organizations that are based around Texas' diverse and extensive wildlife resources.  Also, the Texas legislature has recognized that Texas agricultural policy must consider and participate in the formulation of federal programs and policies, by actively addressing the development of federal policy that affects Texas. Tex. Agr. Code § 2.003(14).  Texas agricultural policy must also consider protection of property rights.  Tex. Agr.Code § 2.003(11).

Here, the final rule titled "Removal of the Regulation That Excludes U.S. Captive-Bred Scimitar-Horned Oryx, Addax, and Dama Gazelle From Certain Prohibitions," 77 Fed. Reg. 431 (Jan. 5, 2012) (hereinafter the "Final Rule") represents bad public policy, adopted in violation of controlling law, that will irreparably harm:  (1) the three species of African antelope at issue in this case; (2) a viable, beneficial, and flourishing Texas industry associated with the captive breeding and hunting of these animals; and (3) ultimately, the State of Texas, through lost economic opportunity.

2

## II.  Policy Issues Presented by this Case.

In 2007, at the behest of former Texas Congressman Henry Bonilla, the Texas

A&M University Agricultural and Food Policy Center (hereinafter "A&M") published

the results of a study conducted by Dr. David P. Anderson, Brian J. Frosch, and Dr. Joe

L. Outlaw, titled the "Economic Impact of the Exotic Wildlife Industry."[1]  In the report,

A&M estimated the number of exotic wildlife[2] operations in the United States, excluding

deer breeding operations, was 3,750, with the majority of those operations located in

Texas.[3]  As of 2007, the report noted that the exotic wildlife industry in the United States

had a total economic impact of $1.3 billion annually and supported 14,383 jobs, most of

them in rural America.[4]  Over $822 million in direct expenditures were poured into the

economy each year by exotic wildlife operations and the sportsmen participating in the

industry.[5]

Additionally, the report notes the beneficial impact of the exotic wildlife industry

on the recovery and rehabilitation of endangered species:

*With some species, exotic wildlife operations in the U.S. serve to rehabilitate their*
*populations.  In some cases, species that are listed on the endangered species list are*
*thriving within U.S. operations to the point where breeding herds may be reintroduced*
*into their native land.[6]*

144 million acres, or 86% of Texas land, consists of farms, ranches and privately-

owned forests.  The ability of private landowners to manage the three species of Antelope

---

[1] http://www.afpc.tamu.edu/pubs/2/496/rr-2007-02.pdf
[2] The Texas Parks and Wildlife Department defines exotic wildlife as grass or plant eating, single or
cloven-hooved mammals that are not indigenous or native to Texas.  *Id.* at 7.
[3] *Id.* at 7.
[4] *Id.* at 4.
[5] *Id.* at 15.
[6] *Id.* at 7.

at issue in this case for a profit enables landowners to maintain their property in habitat that is beneficial for natural resources, the environment, and other species[7].

The Final Rule is fundamentally flawed because the United States Department of Interior, through the United States Fish and Wildlife Service (hereinafter "FWS"), refuses to recognize that management of these exotic animals, specifically, the three species of African antelope in this case, supports the beneficial activity of breeding and raising these animals, leading to an increase in their populations and preservation of their genetic diversity.  Rather, FWS appears unwilling or unable to recognize the concept that what is good for the exotics industry is good for populations of the oryx, dama gazelle, and addax.

Without this court's intervention, on April 4, 2012, Texas exotic wildlife ranchers and hunting operations that utilize the oryx, dama gazelle, and addax in their businesses will be forced to come into full compliance with the Endangered Species Act and its regulations, including complex and cumbersome permitting requirements.  If allowed to go into effect, the Final Rule will kill the sport of hunting these animals, which in turn will kill the industry of breeding and raising these animals, which in turn will kill, through regulation, the three species of Antelope made the subject of this suit, leading to their inevitable extinction.  FWS' actions in promulgating the Final Rule are in direct violation of the Endangered Species Act's mandate that FWS must not take any action that harms or jeopardizes a species.[8]

---

[7] From Neal Wilkins with Texas A&M University.  Need cite.
[8] 16 U.S.C. § 1536(a)(2).

### III.  Request for Relief

In their Memorandum in Support of Motion for Preliminary Injunction, Plaintiffs point out the numerous procedural and substantive defects associated with the Final Rule. TDA joins in Plaintiffs' request that this court grant Plaintiffs' Motion for Preliminary Injunction and enjoin Defendants from enforcing the Final Rule until this case is resolved on the merits.  By granting Plaintiffs' Motion for Preliminary Injunction, this court can take satisfaction that it is having a direct impact in protecting the oryx, dama gazelle and addax from extinction, in contrast to FWS's arbitrary, capricious and ill-considered actions in adopting the Final Rule.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

J. REED CLAY, JR.
Special Assistant and Senior Counsel
to the Attorney General

_____
J. REED CLAY, JR.
Special Assistant and Senior Counsel to the
Attorney General

Office of the Attorney General
P.O. Box 12548, Capitol Station
209 W. 14th Street
Austin, Texas  78701
(512) 936-1342 / (512) 936-0545 (fax)

The Texas Department of Agriculture
The Hon. Todd S. Staples, Commissioner
By:  Dolores Alvarado Hibbs, General Counsel
Texas Bar No. 01125700
P.O. Box 12847
Austin, TX 78711
Dolores.Hibbs@TexasAgriculture.gov
(512) 463-4075
(800) 909-8520 (fax)

ATTORNEYS FOR TODD S. STAPLES,
COMMISSIONER, TEXAS DEPARTMENT
OF AGRICULTURE

## CERTIFICATE OF SERVICE

I certify that on March 26, 2012, I served the foregoing document via email on counsel of record for all parties to this action:

**Douglas Scott Burdin**
SAFARI CLUB INTERNATIONAL
501 Second Street, NE
Washington, DC 20002
(202) 543-8733
Fax: 202-543-1205
Email: dburdin@safariclub.org

**Anna Margo Seidman**
SAFARI CLUB INTERNATIONAL
501 Second Street, NE
Washington, DC 20002
(202) 543-8733
Fax: (202) 543-1205
Email: aseidman@safariclub.org

**Paul Matthews Terrill , III**
The Terrill Firm PC
810 West 10th St
Austin, TX 78701
(512) 474-9100
Fax: (512) 474-9888

**Nancie G. Marzulla**
MARZULLA & MARZULLA
1150 Connecticut Avenue, NW
Suite 1050
Washington, DC 20036-1737
(202) 822-6760
Fax: (202) 822-6774
Email: nancie@marzulla.com

**Roger Joseph Marzulla**
MARZULLA LAW, LLC
1150 Connecticut Avenue, NW
Suite 1050
Washington, DC 20036
(202) 822-6760
Fax: (202) 822-6774
Email: roger@marzulla.com

**Meredith L. Flax**
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources Division
Ben Franklin Station
P.O. Box 7611
Washington, DC 20044-7369
(202) 305-0404
Fax: (202) 305-0275
Email: meredith.flax@usdoj.gov

**Michael R. Harris**
ENVIRONMENTAL LAW CLINIC
University of Denver-Law
2255 East Evans Avenue
Denver, CO 80208
(303) 871-7870
Email: mharris@law.du.edu

**William Stewart Eubanks, II**
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009
(202) 588-5206
Fax: (202) 588-5049
Email: beubanks@meyerglitz.com

**Katherine A. Meyer**
MEYER GLITZENSTEIN & CRYSTAL
1601 Connecticut Avenue, NW
Suite 700
Washington, DC 20009
(202) 364-4092
Fax: (202) 588-5049
Email: katherinemeyer@meyerglitz.com

J. REED CLAY, JR.
Special Assistant and Senior Counsel to the
Attorney General