IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAFARI CLUB INTERNATIONAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 1:11-cv-1564 BAH |
| KEN SALAZAR, *et al.*, | ) | (consolidated with cases 1:12-cv-00194-BAH and |
| Defendants. | ) | 1:12-cv-00340-BAH) |
| TERRY OWEN, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | ) | |
| Defendants. | ) | |
| EXOTIC WILDLIFE ASSOCIATION, *et al.* | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF DENIAL
OF INTERVENTION BY THE HUMANE SOCIETY OF THE UNITED STATES
<u>AND BORN FREE USA</u>**

Safari Club International ("SCI") has presented no basis for the Court to deny the motion

for reconsideration by Defenders of Wildlife ("Defenders"), The Humane Society of the United

States ("HSUS") and Born Free USA.  Although SCI asserts that HSUS and Born Free USA failed to "demonstrate [their] own legally protected interest in the action and a potential impairment of that interest," SCI Opp. at 2, this is demonstrably incorrect.  Like Defenders, HSUS and Born Free USA asserted that they had strong organizational interests at stake in this litigation, and to demonstrate those interests relied on Judge Kennedy's prior ruling that the same groups' interests met the requirements of Article III standing with respect to the same issues at stake here, <u>Friends of Animals v. Salazar</u>, 626 F. Supp. 2d 102 (D.D.C. 2009), and their need to intervene to protect their successful judgment in that case.  <u>See</u> Intervention Motion, ECF 13-1 at 11-19.  Nevertheless, HSUS and Born Free USA have now submitted organizational declarations confirming that these interests continue to be current, thereby confirming the "imminence" of the interests that would be impaired should the plaintiffs prevail in this action.[1]

For the same reasons, SCI's statement that HSUS and Born Free USA failed to explain why they could not have provided these declarations "at the time they moved for intervention, or at the latest, at the time that they filed their reply briefs," SCI Opp. at 3, is also incorrect.  The groups clearly explained both in their intervention reply brief and in their motion for reconsideration that they believed filing additional declarations on the same issues already upheld by Judge Kennedy would be in effect duplicative and thus was unnecessary.  <u>See</u> Intervention Reply Brief, ECF 21 at 7-8 & n.3; Motion for Reconsideration, ECF 49 at 2.  However, because the Court determined that the proposed intervenors could not rely on the prior

---

[1] The opposition by the Exotic Wildlife Association ("EWA") primarily focuses on the expedited nature of this reconsideration request, as opposed to its substance.  However, delaying this important issue until summary judgment briefs are due in two of the consolidated cases would severely burden Defenders, HSUS, and Born Free USA by impairing their ability to pool financial resources and organizational expertise in meeting the deadline for responsive briefs.

2

declarations to show that their interests continue to be current, the groups have now all provided subsequent declarations to this end.[2]

Rather conspicuously, as to the organizations' second independent ground for reconsideration – that they have standing to enforce the judgment HSUS and Born Free USA obtained from Judge Kennedy, see Motion for Reconsideration at 3 – neither SCI nor EWA even address this argument. However, again, even if the organizations were unable to establish Article III standing with the new declarations verifying their continuing interests and injuries, the Court nonetheless should grant them intervention because they have "a 'judicially cognizable' interest in ensuring compliance" with the judgment obtained from Judge Kennedy. Salazar v. Buono, 130 S. Ct. 1803, 1814-15 (2010) (plurality) (Kennedy, J., concurring in judgment); see also Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (recognizing that a proper ground for reconsideration is an argument that was not addressed by the court including "controlling decisions or data that . . . might reasonably be expected to alter the conclusion reached by the court").

As to the organizations' third ground for reconsideration – that they should be granted intervention because the Court has ruled that their co-movant, Defenders, has standing to intervene here, see Motion for Reconsideration at 3 – SCI mischaracterizes the organizations' argument in favor of reconsideration. The organizations do not claim that their interests are

---

[2] Notably, Defenders also initially relied on a declaration from the prior litigation, but filed a subsequent declaration with proposed intervenors' reply brief. In its March 23 Memorandum Opinion, the Court found that "DOW cured the defect in its untimely declaration by submitting a declaration that makes clear that the facts attested to three years ago remain in effect." Memorandum Opinion, ECF 41 at 17. Similarly, the new declarations filed by HSUS and Born Free USA do not make new factual assertions, but instead make clear that the facts previously attested to remain in effect.

aligned with the Federal Defendants – indeed, they clearly are not, since these groups had to sue the Federal Defendants to obtain a ruling requiring them to withdraw the illegal exemption for captive antelopes that is at the core of the present challenge.  See Cary v. Hall, 626 F. Supp. 2d 102 (consolidated with Friends of Animals).  Rather, the organizations contend that their interests are generally aligned with *Defenders* for the purpose of protecting these three antelope species – precisely why the three organizations combined their knowledge and resources to bring the Cary lawsuit, and why they have again done so for the purpose of intervening in this case to ensure that the successful outcome of that case is preserved.  Accordingly, since the Court has held that Defenders has Article III standing here, and because HSUS and Born Free USA seek to participate as co-intervenors with Defenders, the Supreme Court's reasoning in McConnell v. FEC, 540 U.S. 93, 233 (2003) provides yet another basis for the Court to reconsider its denial of intervention – i.e., that because one party seeking a particular outcome has standing, the Court "need not address the standing of the intervenor-defendants" who seek the same relief.

Most significantly, SCI and EWA have not pointed to any prejudice whatsoever that they would suffer if HSUS and Born Free USA are granted intervention and allowed to join Defenders in filing a single brief in this case.  Nor have they responded to the argument that Defenders, as well as the other two groups, would be severely prejudiced if reconsideration is denied.  See Motion for Reconsideration at 3-4.

In this regard, SCI's assertion that HSUS and Born Free USA are now adequately represented by existing parties, including Defenders, SCI Opp. at 3-4, should also not be a basis for denying reconsideration.  As already explained, while sharing similar interests in this litigation, the organizational expertise and missions of these groups are different, and the groups

4

seek to continue as a coalition to pool their resources and combined expertise on the issues presented in this litigation in which all three groups have separate and distinct organizational interests.

For all of these reasons, Defenders, HSUS, and Born Free USA respectfully request that the Court reconsider its denial of HSUS's and Born Free USA's motion to intervene.

Respectfully Submitted,

/s/ William S. Eubanks II
_____
William S. Eubanks II (D.C. Bar No. 987036)
Katherine A. Meyer (D.C. Bar No. 244301)
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue NW, Suite 700
Washington, D.C. 20009
(202) 588-5206 / (202) 588-5049 (fax)
beubanks@meyerglitz.com
kmeyer@meyerglitz.com

Counsel for Defenders, HSUS, and Born Free USA