UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 11-cv-01564 (BAH) |
| ) | |
| KEN SALAZAR, Secretary of the Interior, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| OWEN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 12-cv-00194 (BAH) |
| ) | |
| UNITED STATES DEPARTMENT OF THE ) | |
| INTERIOR, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| EXOTIC WILDLIFE ASSOCIATION, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. 12-cv-00340 (BAH) |
| ) | (Consolidated Cases) |
| UNITED STATES DEPARTMENT OF THE ) | |
| INTERIOR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ANSWER**

Defendants, United States Department of the Interior; Kenneth Salazar, in his official capacity as Secretary of the United States Department of the Interior; and Daniel Ashe, Director of the United States Fish and Wildlife Service, (collectively "Defendants") file this Answer to Exotic Wildlife Association, *et al.*'s ("Plaintiffs") Complaint for Declarative and Injunctive Relief in the Civil Action No. 12-cv-00340 as follows:

The allegations preceding paragraph 1 constitute Plaintiffs' characterization of their lawsuit, which require no response.  To the extent a response is required, Defendants deny the allegations.

1.      Defendants deny the allegations in the first sentence of paragraph 1.  The allegations in the second sentence of paragraph 1 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

2.      Defendants deny the allegations in the first sentence of paragraph 2.   The allegations in the second sentence of paragraph 2 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegation.

3.      Defendants deny the allegations in the first sentence of paragraph 3.  The allegations in the second sentence of paragraph 3 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegation.

4.      The allegations in paragraph 4 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

5.      Defendants deny the allegations in the first sentence of paragraph 5.  The allegations in the second sentence of paragraph 5 purport to characterize the National Environmental Policy Act ("NEPA"), a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegation in the second sentence of paragraph 5 that is inconsistent with the plain

language, meaning, or context of NEPA.  The allegations in the third sentences of paragraph 5 are conclusions of law, which require no response.  To the extent a response is required, Defendants deny the allegations.

6.      The allegations in paragraph 6 are conclusions of law, which require no response. To the extent a response is required, Defendants deny the allegations.

7.      The allegations in the paragraph 7 purport to characterize certain provisions of the Administrative Procedure Act ("APA"), a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language, meaning, or context of the APA.

8.      The allegations in paragraph 8 are conclusions of law, which require no response. To the extent a response is required, Defendants deny the allegations.

9.      The allegations in paragraph 9 are conclusions of law, which require no response. To the extent a response is required, Defendants deny the allegations.

10.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 10, and on that basis deny them.

11.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 11, and on that basis deny them.

12.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 12, and on that basis deny them.

13.     In response to the allegations in paragraph 13, Defendants admit that the Exotic Wildlife Association submitted comments dated December 16, 1991, February 3, 1992, October 8, 2003, October 22, 2003, and January 8, 2004 in response to a November 5, 1991 Federal Register document issuing a proposed rule to list the scimitar-horned oryx, addax, and dama gazelle under

the Endangered Species Act ("ESA").  Defendants further admit that the Exotic Wildlife

Association submitted comments on August 5, 2011 in response to a July 7, 2011 Federal

Register document issuing a proposed rule to remove 17.21(h). The remaining allegations in

paragraph 13 purport to characterize those comment documents submitted by the Exotic Wildlife

Association in response to the November 5, 1991 and July 7, 2011 Federal Register documents,

documents that speak for themselves and are the best evidence of their contents. Defendants

deny any allegations inconsistent with the plain language, meaning, or context of the Exotic

Wildlife Association's comment documents.

14.     Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in paragraph 14, and on that basis deny them.

15.     Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in paragraph 15, and on that basis deny them.

16.     Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in paragraph 16, and on that basis deny them.

17.     Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in paragraph 17, and on that basis deny them.

18.     Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in paragraph 18, and on that basis deny them.

19.     Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in paragraph 19, and on that basis deny them.

20.     Defendants are without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations in paragraph 20, and on that basis deny them.

21.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 21, and on that basis deny them.

22.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 22, and on that basis deny them.

23.     Defendants admit the allegation in paragraph 23 that the Department of the Interior is an agency of the Federal government.  The remaining allegations in paragraph 23 are conclusions of law that require no response.  To the extent a response is required, Defendants deny the allegations.

24.     Defendants admit the allegation in paragraph 24 that Ken Salazar is Secretary of the Interior.  The remaining allegations in paragraph 24 are conclusions of law that require no response.  To the extent a response is required, Defendants deny the allegations.

25.     Defendants admit the allegation in paragraph 25 that the United States Fish and Wildlife Service is a Federal agency within the Department of the Interior.  The remaining allegations in paragraph 25 are conclusions of law that require no response.  To the extent a response is required, Defendants deny the allegations.

26.     Defendants admit the allegation in paragraph 26 that Daniel M. Ashe is Director of the United States Fish and Wildlife Service.  The remaining allegations in paragraph 26 are conclusions of law that require no response.  To the extent a response is required, Defendants deny the allegations.

27.     The allegations in the first sentence of paragraph 27 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the ESA. The allegations in the second sentence of paragraph 27 purport to characterize certain

provisions of the ESA regulations, regulations that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, meaning, or context of the ESA regulations.

28.     The allegations in paragraph 28 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the ESA.

29.     The allegations in paragraph 29 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the ESA. The allegations in paragraph 29 also consist of conclusions of law, which require no response. To the extent a response is required, Defendants deny the allegations.

30.     The allegations in paragraph 30 purport to characterize certain provisions of the NEPA and its implementing regulations, a statute and regulations that speak for themselves and are the best evidence of their contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the NEPA and its implementing regulations.

31.     The allegations in paragraph 31 consist of conclusions of law, which require no response. To the extent a response is required, Defendants deny the allegations.

32.     The allegations in paragraph 32 purport to characterize certain provisions of the APA, a statute that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language, meaning, or context of the APA.

33.     The allegations in the first sentence of paragraph 33 purport to characterize certain provisions of the APA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the

APA. The allegations in the second sentence of paragraph 33 purport to characterize a final rule published in the Federal Register, 77 Fed. Reg. 431 (Jan. 5, 2012) ("Removal Rule"), a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegation that is inconsistent with the plain language, meaning, or context of the Removal Rule. The allegations in the second sentence of paragraph 33 also consist of conclusions of law, which require no response. To the extent a response is required, Defendants deny the allegations.

34.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 34, and on that basis deny them.

35.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 35, and on that basis deny them.  The allegations in the second and third sentences of paragraph 35 purport to characterize a final rule published in the Federal Register, 70 Fed. Reg. 52,319 (Sept. 2, 2005) ("Listing Rule"), a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Listing Rule.

36.     The allegations in paragraph 36 purport to characterize the Listing Rule, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Listing Rule.

37.     The allegations in paragraph 37 purport to characterize the Listing Rule, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Listing Rule.

38.     The allegations in paragraph 38 purport to characterize the Listing Rule, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Listing Rule.

6

39.     The allegations in paragraph 39 purport to characterize the Listing Rule, a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Listing Rule.

40.     The allegations in paragraph 40 purport to characterize a proposed rule published in the Federal Register, 70 Fed. Reg. 5,117 (February 1, 2005), a document that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of that document.

41.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 41, and on that basis deny them.

42.     Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in paragraph 42, and on that basis deny them.

43.     The allegations in the first sentence of paragraph 43 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the second and third sentences in paragraph 43, and on that basis deny them.

44.     The allegations in the first, second, and third sentences of paragraph 44 purport to characterize the Listing Rule and a final rule published in the Federal Register, 70 Fed. Reg. 52,310 (Sept. 2, 2005) ("Management Rule"), documents that speak for themselves and are the best evidence of their contents.  Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Listing Rule and the Management Rule. Defendants are without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in the fourth sentence of paragraph 44, and on that basis deny them.

45.     The allegations in paragraph 45 purport to characterize the 2009 order and opinion issued

in Friends of Animals v. Salazar, 626 F. Supp. 2d 102 (D.D.C. 2009), an order and opinion

which speak for themselves and are the best evidence of their contents.  Defendants deny any

allegations inconsistent with the plain language, meaning, or context of the 2009 order and

opinion.

46.     The allegations in the first sentence of paragraph 46 purport to characterize a proposed

rule published in the Federal Register, 76 Fed. Reg. 39,804 (July 7, 2011), a document that

speaks for itself and is the best evidence of its contents.  Defendants deny any allegations

inconsistent with the plain language, meaning, or context of that document.  In response to the

allegations in the second sentence of paragraph 46, Defendants admit that on August 5, 2011, the

Exotic Wildlife Association submitted comments on the proposed rule published in the Federal

Register, 76 Fed. Reg. 39,804 (July 7, 2011), and Defendants further admit that ninety-three

comments were received from the public during the 30-day comment period on the proposed rule

published in the Federal Register, 76 Fed. Reg. 39,804 (July 7, 2011).  The allegations in the

second sentence of paragraph 46 purport to characterize the comment documents received from

the Exotic Wildlife Association and other members of the public, documents that speak for

themselves and are the best evidence of their contents. Defendants deny any allegations

inconsistent with the plain language, meaning, or context of the public comment documents.

47.     The allegations in the first sentence of paragraph 47 purport to characterize the comments

received and the Removal Rule, documents that speak for themselves and are the best evidence

of their contents.  Defendants deny any allegation inconsistent with the plain language, meaning,

or context of the comments received or the Removal Rule.  The allegations in the second

sentence of paragraph 47 consist of legal conclusions, which require no response. To the extent a

response is required, Defendants deny the allegations.  The allegations in the third sentence of paragraph 47 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the ESA.

48.     The allegations in paragraph 48 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

49.     All responses to allegations in the above paragraphs are incorporated herein by reference.

50.     The first and second sentences in paragraph 50 purport to characterize certain provisions of the APA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the APA.  The allegations in the third sentence of paragraph 50 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

51.     The allegations in paragraph 51 purport to characterize the Removal Rule, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Removal Rule.

52.     The allegations in paragraph 52 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

53.     All responses to allegations in the above paragraphs are incorporated herein by reference.

54.     The first and second sentences in paragraph 54 purport to characterize certain provisions of the APA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the APA.  The allegations in the third sentence of paragraph 54 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

55.     The allegations in paragraph 55 purport to characterize the Removal Rule, a document that speaks for itself and is the best evidence of its contents.  Defendants deny any allegation inconsistent with the plain language, meaning, or context of the Removal Rule.

56.     The allegations in paragraph 56 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

57.     All responses to allegations in the above paragraphs are incorporated herein by reference.

58.     The first and second sentences in paragraph 58 purport to characterize certain provisions of the APA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the APA.  The allegations in the third sentence of paragraph 58 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

59.     The allegations in paragraph 59 purport to characterize certain provisions of the ESA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the ESA. The allegations in paragraph 59 also consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

60.     All responses to allegations in the above paragraphs are incorporated herein by reference.

61.     The first and second sentences in paragraph 61 purport to characterize certain provisions of the APA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the APA.  The allegations in the third sentence of paragraph 61 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

62.     The allegations in the first sentence of paragraph 62 purport to characterize certain provisions of NEPA, a statute that speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of NEPA.  The allegations in the second sentence of paragraph 62 consist of legal conclusions, which require no response.  To the extent a response is required, Defendants deny the allegations.  The allegations in the second sentence of paragraph 62 also purport to characterize the Removal Rule, a document which speaks for itself and is the best evidence of its contents. Defendants deny any allegations inconsistent with the plain language, meaning, or context of the Removal Rule.

63.     The allegations in paragraph 63 consist of legal conclusions, which require no response. To the extent a response is required, Defendants deny the allegations.

The remainder of Plaintiffs' Complaint for Declaratory and Injunctive Relief consists of Plaintiffs' Prayer for Relief, which requires no response. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested in their Complaint for Declaratory and Injunctive Relief or to any relief whatsoever.

<u>GENERAL DENIAL</u>

Defendants deny each and every allegation in the Complaint for Declaratory and Injunctive Relief not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief remain unanswered, Defendants hereby deny such allegations.

<u>DEFENSES</u>

1.      The Court lacks jurisdiction over some or all of Plaintiffs' claims.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for Defendants, and that the Court order such other and further relief as the Court may allow.

May 1, 2012

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Asst. Section Chief

*/s/ Meredith L. Flax*
MEREDITH L. FLAX
Sr. Trial Attorney (D.C. Bar No. 468016)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0404
Facsimile: (202) 305-0275
Meredith.Flax@usdoj.gov

*Attorneys for Federal Defendants*