UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ ) | | |
| SAFARI CLUB INTERNATIONAL, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | Civil No. 11-cv-01564 (BAH) | |
| ) | | |
| KEN SALAZAR, Secretary of the Interior, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |
| ) | | |
| TERRY OWEN, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Civil No. 12-cv-00194 (BAH) | |
| ) | | |
| UNITED STATES DEPARTMENT OF THE ) | | |
| INTERIOR, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |
| ) | | |
| EXOTIC WILDLIFE ASSOCIATION, *et al.*, ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Civil No. 12-cv-00340 (BAH) | |
| ) | (Consolidated Cases) | |
| UNITED STATES DEPARTMENT OF THE ) | | |
| INTERIOR, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

## REPLY IN SUPPORT OF FEDERAL DEFENDANTS'
## CROSS-MOTION FOR SUMMARY JUDGMENT

**<u>INTRODUCTION</u>**

Federal Defendants have already demonstrated that the U.S. Fish and Wildlife Service's ("Service") decision to issue a rule removing 50 C.F.R. § 17.21(h) from the Federal Register was rational and supported by the administrative record.  As explained in their opening summary judgment memorandum, the Service engaged in the rulemaking to satisfy this Court's order remanding 50 C.F.R. § 17.21(h) to the Service for further action consistent with the Court's opinion, which had found that 50 C.F.R. § 17.21(h) violated Section 10(c) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1539(c), because the text of the ESA, its "context, purpose, and legislative history," all show that "Congress intended permits for the enhancement of propagation or survival of an endangered species to be issued on a case-by-case basis following an application and public consideration of that application."  *Friends of Animals v. Salazar*, 626 F. Supp. 2d 102, 115 (D.D.C. 2009).  The Service considered whether there were alternatives to removing the offending regulation, including those provided in comments on the proposed rule, and concluded that none would satisfy the Court's order.  The Service also considered that it already had regulations governing permits for enhancement of propagation or survival of endangered species that could be used to provide authorization for the same activities that had been authorized pursuant to 50 C.F.R. § 17.21(h) and that comport with ESA Section 10(c).

In their summary judgment reply memorandum, Plaintiffs repeat the same arguments that they raised in their opening summary judgment memorandum and fail to engage Federal Defendants' arguments in rebuttal.  Plaintiffs do not dispute that the Service had to act to comply with the Court's order.  Rather, they contend that, because the Service has discretion in how to comply with a remand order, the Service should have exercised that discretion differently than it

1

did.  The Service has never disputed that, in general, it has discretion in how to comply with

remand orders.  However, here, the Service clearly did not have discretion to leave the existing

regulation in place as it stood.  The Service either had to remove the regulation or amend it to

make it comply with ESA Section 10(c).  While the Service could have, in its discretion,

proposed a different rule to replace 50 C.F.R. § 17.21(h), it was not required to do so.  After

considering various alternatives, the Service explained that it determined to remove the

offending regulation because: (1) it determined that no alternative to the existing regulation was

raised that would have cured the defect that the Court identified with 50 C.F.R. § 17.21(h); and

(2) it already had a permit system in place that comports with the Court's opinion and the ESA.

Plaintiffs' reply memorandum, like their opening memorandum, thus fails to demonstrate that the

challenged decision is arbitrary.  Accordingly, the Court should grant Federal Defendants' cross-

motion for summary judgment and deny Plaintiffs' motion for summary judgment.

## <u>ARGUMENT</u>

Plaintiffs reprise the same arguments from the opening summary judgment memorandum

in their reply memorandum.  While Federal Defendants have already rebutted these arguments in

their opening summary judgment memorandum, they provide the following responses to certain

of the arguments made in Plaintiffs' reply brief.

**I.    The Service Appropriately Removed a Regulation that the Court Held Violated the
ESA.**

The Service has already demonstrated that its decision to remove 50 C.F.R. § 17.21(h) to

comply with the Court's remand order was rational and supported by the record.  ECF No. 84

("FDs' SJ Memo").  Plaintiffs misstate the Service's position on the Court's remand order.

Plaintiffs contend that the Service claimed that the Court ordered the Service to remove 50 C.F.R. § 17.21(h) under penalty of contempt of court and that this erroneous interpretation of the remand order is the basis for the Service's entire argument.  ECF No. 93 ("Pls' Reply") at 2. What the Service actually said was that it could not leave 50 C.F.R. § 17.21(h) on the books because the Court remanded the rule to the Service for further consideration consistent with the Court's opinion holding that the rule violated ESA Section 10(c).  The Service agrees that, in general, it has discretion in how to comply with a remand order.  However, here it did not have discretion to leave a rule in place that the Court found violated the law.  The Service had to take some action to address the Court's ruling; doing nothing was not an option.

To comply with the Court's order, the Service proposed to remove the unlawful regulation and solicited comments on that proposal.[1]  The Service received comments suggesting alternative permitting schemes that the commenters believed the Service should propose for the Three Antelope species.  None of the comments suggested a way to amend 50 C.F.R. § 17.21(h) to make it comply with ESA Section 10(c) and the Service itself could not determine a way to fix the regulation to make it comply with that requirement.  Moreover, the Service noted that it already has regulations in place that comport with ESA Section 10(c) that provide a mechanism

---

[1] Notably, since the Court held that the rule violated the ESA, the Service could have simply removed 50 C.F.R. § 17.21(h) without notice and comment.  *See* 5 U.S.C. § 553(b)(3)(B). Courts themselves vacate rules without notice and comment even where they have not adjudicated the merits.  *See Bldg. Indus. Legal Def. Found. v. Norton*, 231 F. Supp. 2d 100, 108 (D.D.C. 2002) (vacating and remanding critical habitat designation in response to a motion for voluntary remand); *Home Builders Ass'n v. Norton*, 293 F. Supp. 2d 1, 3-4 (D.D.C. 2002) (same); *National Ass'n of Home Builders v. Evans*, No. 00-cv-2799, 2002 WL 1205743 (D.D.C. April 30, 2002) (same).  Thus, by engaging in a rulemaking process, the Service actually went beyond what was required in this case.

for holders of captive-bred members of the Three Antelope species to obtain permits to engage in

the identical activities they were permitted to engage in under 50 C.F.R. § 17.21(h).   While the

Service may have had the discretion to propose other alternatives, absent a petition for

rulemaking, it was not required to do so and appropriately determined not to do so under the

circumstances presented here.

Plaintiffs' argument that the Service predetermined to remove 50 C.F.R. § 17.21(h) is

similarly misplaced.  Pls' Reply at 6.  As explained, while the Service acknowledged it could not

leave the current regulation in place as it stood, it considered alternatives but itself could not

come up with any viable alternative, and no alternative that complied with ESA Section 10(c)

was suggested by any commenter (including those mentioned by Plaintiffs).  On this basis,

Federal Defendants argued that none of these comments was "significant" because no comment

"if true, raise[d] points relevant to the agency's decision," or alternatively, that the agency

adequately responded to the comments.  FDs' SJ Memo at 16-18.

## II.     The Court Lacks Jurisdiction to Consider Plaintiffs' ESA Section 7 Claim.

While Plaintiffs have not clearly articulated the basis of their ESA Section 7 claim,

whatever the basis, the Court lacks jurisdiction to consider the claim.  In their complaint and

their opening summary judgment memorandum, Plaintiffs claimed the Service's Removal Rule

violated ESA Section 7(a)(2), 16 U.S.C. § 1536(a)(2), because the Service allegedly failed to

ensure that its action was "not likely to jeopardize the continued existence of" the species.

Complaint (12-cv-340, ECF No. 1) ¶ 59; ECF No. 78-1 at 29.  In their reply, Plaintiffs again

repeat the language of ESA Section 7(a)(2), but also state in a footnote that the Section 7

requirement to ensure against the likelihood of jeopardy "are also directly applicable to FWS

through Section 2." Pls' Reply at 3 n.7. In support of this statement, Plaintiffs cite to *Defenders of Wildlife v. U.S. Dep't of Interior*, 354 F. Supp. 2d 1156, 1173-74 (D. Or. 2005). *Id.* The cited portion of the *Defenders of Wildlife* case refers to ESA Section 7(a)(1), however, not ESA Section 7(a)(2). Whether Plaintiffs are making a Section 7(a)(1) claim (even though not raised in their complaint)[2] or a Section 7(a)(2) claim, their claim must fail because both claims are cognizable pursuant only to the ESA's citizen-suit provision, and Plaintiffs failed to provide the requisite 60 days' notice of their intent to sue for any Section 7 violation, a point that Plaintiffs do not contest. FDs' SJ Memo at 22 (citing *Research Air, Inc. v. Norton*, No. 05-cv-623, 2006 WL 508341, at *10 (D.D.C. Mar. 1, 2006) and *Common Sense Salmon Recovery v. Evans*, 329 F. Supp. 2d 96, 104 (D.D.C. 2004)). Consequently, the Court lacks jurisdiction to consider the merits of Plaintiffs' Section 7 claim and must dismiss it.

## III.   Plaintiffs' Citation to Law on Severability is Inapplicable.

Plaintiffs continue to attempt to advance an argument that the Service was required to

---

[2] Alternatively, *arguendo*, any ESA Section 7(a)(1) claim lacks merit. As the *Defenders of Wildlife* court explained, Section 7(a)(1) "does not require particular conservation action." 354 F. Supp. 2d at 1174; *see also Defenders of Wildlife v. Babbitt*, 130 F.Supp.2d 121 (D.D.C. Feb. 12, 2001) ("The case law is well settled that federal agencies are accorded discretion in determining how to fulfill their § 1536(a)(1) obligations"). Here, the Service has and continues to take actions within its authority to further the conservation of the Three Antelope species and thus has met any obligations under this section of the ESA. *See, e.g.,* http://www.cites.org/common/resources/reports/pab/09-10UnitedStatesofAmerica.pdf at 51 (reporting on a workshop by Department of the Interior for Scientific Authority representatives from North Africa, the range of the Three Antelope species); http://www.fws.gov/international/DMA_DSA/pdf/USFWSGuidetoCBWandTakeApplications.pdf at 5 (requiring demonstration of support for in-situ conservation efforts for the Three Antelope species for culling permit).

consider alternatives other than removing 50 C.F.R. § 17.21(h) because the Service allegedly "would not have listed these three species without also adopting the tandem rule exempting them from the ill-fitting permit scheme" and the two rules are not severable. Pls' Reply at 8. For the reasons already provided, the cases Plaintiffs have cited where courts have analyzed whether regulations are severable are inapplicable here. FDs' SJ Memo at 20 n.6. In addition, in this case, in contrast to the situation in the cases Plaintiffs cite, the Service issued two entirely separate regulations (not different portions of a single regulation) promulgated under different authorities and that function independently.

Moreover, even if a severability analysis were appropriate here, Plaintiffs have not shown that there is "substantial doubt that the agency would have adopted the severed portion on its own." Pls' Reply at 9 (citing *Davis Cnty. Solid Waste Mgmt. v. EPA*, 108 F.3d 1454, 1459 (D.C. Cir. 1997)). The Service spent many years deciding the appropriate listing status for the Three Antelope species and ultimately listed the species in their entireties as endangered species, because it determined that separately listing captive and wild members of the species would not be appropriate. 70 Fed. Reg. 52,319, 52,320 (Sept. 2, 2005). The ESA required the Service to make a final listing determination on the Three Antelope species and to list the species if it determined that they qualify as "threatened species" or "endangered species" based on the statutorily enumerated factors and the best available scientific and commercial information. 16 U.S.C. § 1533(b)(6)(A) (requiring the Service to issue a final listing determination within one year of the issuance of a proposed listing rule); 16 U.S.C. § 1533(a)(1)(A)-(E) (five listing factors), *id.* § 1533(b)(1)(A) (best available science requirement). In contrast, the Service was not required to issue 50 C.F.R. § 17.21(h), but determined it was appropriate to address

management of captive members of the Three Antelope species in the United States through a separate rule pursuant to ESA Section 10.  70 Fed. Reg. at 52,320.  Accordingly, Plaintiffs have not and cannot demonstrate that there is substantial doubt that the Service would have listed the species without the concurrently issued Management Rule.

## IV.   The Service Complied with the National Environmental Policy Act ("NEPA").

Finally, Plaintiffs have failed to rebut the Service's showing that NEPA does not apply here as a matter of law because the Service lacked sufficient discretion to take a different action or that, alternatively, the Service satisfied any NEPA obligation by determining that its action qualified for a categorical exclusion.  FDs' Memo at 25-29.

Regarding the Service's argument that NEPA does not apply as a matter of law, Plaintiffs' response is that Judge Kennedy's order cannot be construed as excusing NEPA compliance and that "NEPA mandates that proposals for 'major federal actions significantly affecting the quality of the human environment' must be accompanied by a detailed Environmental Impact Statement."  Pls' Reply at 3 (quoting 42 U.S.C. § 4332).  Again, Plaintiffs misstate the Service's position on the Court's order.  The Service did not say that the order literally stated that it did not have to comply with NEPA.  Instead, the Service said that the order did not allow it to leave 50 C.F.R. § 17.21(h) on the books as it stood and that because the Service determined it had no other way to comply with the order but to remove 50 C.F.R. § 17.21(h), it lacked sufficient discretion to take a different action and so NEPA did not apply as a matter of law.  FDs' SJ Memo at 26.  Where NEPA does not apply as a matter of law, there is no requirement to prepare a NEPA analysis (such as an Environmental Assessment or Environmental Impact Statement), even presuming, as Plaintiffs incorrectly do, that the action

could be construed as a "major federal action significantly affecting the quality of the human environment."  Pls' Reply at 3.

As for the Service's alternative argument that, even if NEPA did apply as a matter of law, it complied with NEPA by determining that its action qualified for a categorical exclusion, Plaintiffs' response is that the Service's decision to invoke a categorical exclusion is subject to the "arbitrary and capricious" standard of review and that the decision does not meet this standard because the Service had alternative means of complying with Court's order.  Pls' Reply at 4.  As Plaintiffs point out, the Service agrees that its decision to invoke a categorical exclusion is subject to the "arbitrary and capricious" standard of review.  *Id.*  Contrary to Plaintiffs' assertion, the Service's statement that its explanation satisfied its "minimal burden" to invoke the categorical exclusion is not inconsistent with the "arbitrary and capricious" standard of review. *Id.* (referring to FDs' SJ Memo at 28).  Even where an agency's explanation is "of less than ideal clarity if the agency's path may reasonably be discerned," a court should uphold an administrative agency action under the "arbitrary and capricious" standard  *FCC v. Fox Television Stations*, 556 U.S. 502, 513-14 (2009) (quoting *Bowman Transp. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 286 (1974).  Here, the Service's explanation more than comports with this burden.

Moreover, Plaintiffs fail to engage the Service's argument that Plaintiffs have not shown that invocation of the categorical exclusion was arbitrary or capricious since Plaintiffs identify no record evidence, much less substantial evidence, that "an 'extraordinary circumstance' might apply" and that the agency "fail[ed] to explain its determination."  FDs' SJ Memo at 29 (citing *Brady Campaign to Prevent Gun Violence v. Salazar*, 612 F. Supp. 2d 1, 17 (D.D.C. 2009), and

8

*California v. Norton*, 311 F.3d 1162, 1176 (9th Cir. 2002)).  By presenting no evidence of a

significant impact on the conservation of the Three Antelope species, Plaintiffs have implicitly

conceded that the Service's decision to remove 50 C.F.R. § 17.21(h) will not have significant

impacts.  Consequently, Plaintiffs have failed to meet their burden to demonstrate that the

Service's decision was arbitrary or in any way violated NEPA.

## **<u>CONCLUSION</u>**

For all the foregoing reasons, as well as the reasons provided in their opening

memorandum, Federal Defendants respectfully request that the Court grant their Cross-Motion

for Summary Judgment and deny Plaintiffs' motion for summary judgment.

Dated: June 22, 2012

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Asst. Section Chief


*/s/ Meredith L. Flax*
MEREDITH L. FLAX
Sr. Trial Attorney (D.C. Bar No. 468016)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0404
Facsimile: (202) 305-0275
Meredith.Flax@usdoj.gov

***Attorneys for Federal Defendants***

9

Of Counsel:

Holly Wheeler
Fatima Ahmad
Linus Chen
U.S. Department of Interior
Office of the Solicitor