**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Ken Salazar, *et al.* )<br>)<br>Defendants. )<br>_____ )<br>)<br>Terry Owen, *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF THE INTERIOR, )<br>*et. al.* )<br>)<br>Defendants. )<br>_____ )<br>)<br>EXOTIC WILDLIFE ASSOCIATION, *et. al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF THE INTERIOR, )<br>*et. al.* )<br>)<br>Defendants. )<br>_____ ) | Case No. 11-cv-01564 (BAH)<br>(consolidated with cases<br>1:12-cv-00194-BAH and<br>1:12-cv-00340-BAH) |

**FRIENDS OF ANIMALS' REPLY IN SUPPORT OF ITS**
**MOTION FOR SUMMARY JUDGMENT**
**(EWA V. U.S. DEPT. OF INTERIOR)**

In *Defenders of Wildlife v. Lujan,* 504 U.S. 555 (1992), the United States Supreme Court held that a plaintiff invoking federal court jurisdiction:

> bears the burden of establishing [each of the Constitutional standing] elements. Since [these elements] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.  At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presum[e] that general allegations embrace those specific facts that are necessary to support the claim," **In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," Fed. Rule Civ. Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be "supported adequately by the evidence adduced at trial**."

*Id.* at 561 (citations omitted).

Through its Cross-Motion for Summary Judgment, Friends of Animals ("FoA") contest that the Exotic Wildlife Association ("EWA") and its members have standing to challenge the repeal of the Sport-Hunting Rule.  Instead of responding to FoAs' legal arguments and presenting actual evidence of its claimed injury, EWA instead chose to rely on the Court's determination in its Order denying EWA's motion for summary judgment that EWA had demonstrated standing at that stage of the case.  As the Court acknowledged in that Order, however, at the time EWAs standing had not been contested, and it appears that the Court relied solely on EWA's good faith allegations in the Complaint and its Motion for a Preliminary Injunction to make this determination.

This case is no longer in the preliminary stages.  As then Chief Judge Douglas Ginsburg stated in his 2002 opinion in *Sierra Club v. Environmental Protection*

*Agency*, 292 F.3d. 895, 899 (D.C. Cir. 2002), in the later stages of an action, a plaintiff cannot "rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts" in support of its claim of injury of fact.  EWA has failed to produce any evidence of specific facts, and, therefore has not met its burden to demonstrate injury in fact at the summary judgment stage of this action.  *See Rainbow/Push Coalition v. Federal Communications Commission*, 330 F.3d 539 546 (D.C. Cir. 2003) ("We reject [appellant's] argument that . . . [she] can establish [] standing merely by alleging that if the [agency] were to grant a particular [action] then she 'would be deprived of . . . program service in the public interest.'").

EWA's action must be dismissed for failure to demonstrate standing under Article III of the United States Constitution.

## CONCLUSION

For the foregoing reasons, Friends of Animals requests this Court deny EWA's Motion for Summary Judgment and dismiss this case (or grant FoA's Motion for Summary Judgment) because EWA's lack of standing deprives this Court of Article III jurisdiction.

Dated this 22th day of June, 2012.

Respectfully Submitted,

/s/ Michael Ray Harris
Michael Ray Harris (DC Bar # CO0049)
Environmental Law Clinic

University of Denver Sturm College of Law
2255 E. Evans Avenue, Suite 335
Denver, CO 80208
Phone:  (303) 871-6140
elc@law.du.edu
Attorney for Defendant-Intervenor
Friends of Animals

## CERTIFICATE OF SERVICE

I certify that on June 22, 2012, I electronically filed the foregoing **FRIENDS OF ANIMALS' REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Meredith Flax, meredith.flax@usdoj.gov
Counsel for the Fish and Wildlife Service

Nancie G. Marzulla, Marzulla Law,
nancie@marzulla.com Counsel for EWA et al.


and

Anna M. Seidman, Director of Litigation for Safari Club International, (202) 543-8733, aseidman@safariclub.org.


/s/  Michael Harris