IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAFARI CLUB INTERNATIONAL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KEN SALAZAR *et al.* | ) | No. 11-cv-01564(BAH) |
| | ) | |
| Defendants, | ) | |
| | ) | |
| _____ | ) | |

**SAFARI CLUB INTERNATIONAL'S RESPONSE TO FEDERAL DEFENDANTS' NOTICE OF PUBLICATION OF 90-DAY FINDING IN THE FEDERAL REGISTER**

On September 26, 2012, Defendants Salazar *et al.* ("Federal Defendants") notified this Court of their finding, in response to a petition filed by Safari Club International ("Safari Club"), that the delisting of U.S. captive populations of the scimitar-horned oryx, dama gazelle and addax ("three antelope populations") "may be warranted." 77 Fed. Reg. 58084 (September 19, 2012) and Dkt. No. 107. Under the terms of a settlement agreement, negotiated between Federal Defendants and Safari Club, Federal Defendants must next issue a 12-month finding, on or before May 31, 2013, to determine whether to propose a rule to delist the three antelope populations or find that the delisting is not warranted after all. (Dkt. No. 94)

In their notice to this Court, Federal Defendants reopened arguments addressed in summary judgment briefing. Federal Defendants argued that "[a]though the 90-day finding did not resolve the question of whether U.S. captive-bred herds of the three antelope species constitute a listable entity, Federal Defendants still believe that supplemental remedy briefing may be helpful, should the Court reach the issue of remedy." Dkt. No. 107 at 1.

1

Although Safari Club agrees with Federal Defendants that additional briefing may be required on remedy, Safari Club disagrees that the 90-day finding is relevant to this issue. Instead, the 90-day finding relates to the merits of this case by demonstrating the arbitrary and capricious nature of Federal Defendants' listing decision.

In the 90-day finding, Federal Defendants acknowledged that, "because it has no absolute policy or practice as to whether it can differentiate the listing status of wild and captive specimens of the same species, *a reasonable person* could conclude that the petitioned action may be warranted." 77 Fed. Reg. at 58086 (emphasis added). This statement conflicts with the Service's 2005 listing rule in which the Service summarily rejected the idea of excluding the three captive antelope populations from the listing and offered no more explanation than "[i]t would not be appropriate to list captive and wild animals separately." 70 Fed. Reg. 52319 (September 2, 2005). In other words, what Federal Defendants have acknowledged in the 90-day notice as "reasonable" demonstrates what was arbitrary and capricious about their decision to list these populations in the first place.[1]

The 90-day finding also provides Federal Defendants' admission of their need to address captive population listings consistently. Referencing the inconsistent approach it has taken with respect to captive chimpanzees, Federal Defendants explained:

> In addition, the Service will be able to consider the question of the appropriate status of U.S. captive members of the three antelope species at the same time as it considers the status of captive chimpanzees in completing a separate 12-month finding on a petition to eliminate the separate ESA classification of captive and wild chimpanzees.

---

[1] Safari Club's petition to delist, upon which Federal Defendants issued its "may be warranted" finding, argued that delisting is required because Federal Defendants relied on errors of fact and law in deciding to list the three antelope populations.

77 Fed. Reg. at 58086. If consistency with other listings is important, then it was arbitrary and capricious for Federal Defendants to act inconsistently in its listing decisions for the three antelope species as compared to captive chimpanzees.

Safari Club challenged both of these errors in its summary judgment briefing: Federal Defendants' failure 1) to explain its refusal to list captive populations separately (Safari Club Memorandum in Support of Summary Judgment ("S.J. Mem.") at 17, 33); and 2) to deal consistently with the classification of populations composed of non-native captive members of a species. *Id.*

In the 90-day finding, Federal Defendants announced their intent to rectify errors that Safari Club identified in this lawsuit. Safari Club should not have to wait for relief until Federal Defendants issue a 12-month finding and a proposed rule to delist the populations on May 31, 2012 and then an additional year to 18 months before a delisting rule is finalized. If Federal Defendants acted in an arbitrary and capricious manner in their decision to include the three antelope populations in the endangered species listing, this Court should move forward and issue a ruling in Safari Club's favor on summary judgment and should order Federal Defendants to vacate the portion of the rule applicable to the three antelope species until they can properly and legally determine that listing is warranted.

Dated this 9th day of October, 2012.

                                                Respectfully submitted,

                                                s/ Anna M. Seidman
                                                Anna M. Seidman
                                                Director of Litigation
                                                Safari Club International
                                                501 2nd Street NE

Washington, D.C.  20002
Tel:  202-543-8733
Fax:  202-543-1205
aseidman@safariclub.org

## CERTIFICATE OF SERVICE

I hereby certify that I caused copies of this Response to Notice to be served on the following via the court's ECF system:

Meredith L. Flax
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Meredith.Flax@usdoj.gov
*Counsel for Federal Defendants*

Michael Ray Harris
Environmental Law Clinic
Ricketson Law Building
University of Denver Sturm College of Law
2255 E. Evans Avenue, Suite 335
Denver, CO 80208
elc@law.du.edu
*Counsel for Proposed Intervenors Friends of Animals*

William S. Eubanks II
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue NW, Suite 700
Washington, D.C. 20009
beubanks@meyerglitz.com
*Counsel for Proposed Intervenors Defenders of Wildlife et al.*

Dated this 9th day of October, 2012.

                                                Respectfully submitted,

                                                /s/ Anna M. Seidman
                                                Anna M. Seidman
                                                D.C. Bar No. 417091
                                                aseidman@safariclub.org
                                                Douglas S. Burdin
                                                D.C. Bar No. 434107
                                                Safari Club International
                                                501 2nd Street NE
                                                Washington, DC  20002
                                                dburdin@safariclub.org
                                                Tel:  202-543-8733
                                                Fax:  202-543-1205