**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAFARI CLUB INTERNATIONAL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. No. 1:11-cv-1564 BAH |
| KEN SALAZAR, *et al.*, | ) | (consolidated with cases 1:12-cv-00194-BAH and |
| Defendants. | ) | 1:12-cv-00340-BAH) |
| TERRY OWEN, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | ) | |
| Defendants. | ) | |
| EXOTIC WILDLIFE ASSOCIATION, *et al.* | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| U.S. DEPARTMENT OF THE INTERIOR, *et al.*, | ) | |
| Defendants. | ) | |

**RESPONSE BY INTERVENORS DEFENDERS OF WILDLIFE, THE HUMANE SOCIETY OF THE UNITED STATES, AND BORN FREE USA TO FEDERAL DEFENDANTS' NOTICE OF PUBLICATION OF 90-DAY FINDING IN THE FEDERAL REGISTER**

1

On September 26, 2012, Federal Defendants notified the Court that in response to petitions filed by Plaintiffs Safari Club International ("SCI") and Exotic Wildlife Association ("EWA") they had published a 90-day finding that the delisting of U.S. captive populations of the scimitar-horned oryx, dama gazelle, and addax "may be warranted." 77 Fed. Reg. 58084 (Sept. 19, 2012); *see also* Dkt. No. 107.  Under the terms of a settlement agreement negotiated between Federal Defendants, SCI, and EWA, *see* Dkt. No. 94, Federal Defendants must next issue a 12-month finding, on or before May 31, 2013, to determine whether, after further consideration, to delist the three antelope populations in captivity or to determine that, based on the best available scientific evidence, the delisting of these populations is not warranted.

In their filing, Federal Defendants suggested that the 90-day finding "may be relevant to the arguments made in the motion to dismiss and summary judgment briefing pending before the Court in the *Safari Club International v. Salazar* case," and that "[a]lthough the 90-day finding did not resolve the question of whether U.S. captive-bred herds of the three antelope species constitute a listable entity, Federal Defendants still believe that supplemental remedy briefing may be helpful, should the Court reach the issue of remedy." Dkt. No. 107.  SCI filed a response to Federal Defendants' notice, asserting that Federal Defendants' "may be warranted" 90-day finding in 2012 somehow demonstrates "the arbitrary and capricious nature of Federal Defendants' [2005] listing decision," and arguing that, accordingly, the Court "should move forward and issue a ruling in Safari Club's favor on summary judgment and should order Federal Defendants to vacate the portion of the rule applicable to the three antelope species until they can properly and legally determine that listing is warranted." Dkt. No. 108 at 2.

SCI's position is unfounded. As a threshold matter, because Federal Defendants have simply issued a 90-day finding – which is preliminary in nature and which will be superseded in May 2013 by a *final* 12-month finding based on an extensive review of the best available scientific evidence – the 90-day finding is *not* dispositive of any issues addressed by the pending summary judgment motions. Indeed, in the 90-day finding, Federal Defendants explained that the "substantial information" standard for a 90-day finding is "different" than the "best scientific and commercial data" standard that applies to a final 12-month finding as to whether a petitioned action is warranted. 77 Fed. Reg. at 58086; *see also id.* ("A 90-day finding is not a status assessment of the species and does not constitute a status review under the Act. Our *final determination* as to whether a petitioned action is warranted is not made *until we have completed a thorough status review* of the captive antelopes covered by these petitions, which is conducted following a 90-day finding that a petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted.") (emphases added); *Moden v. FWS*, 281 F. Supp. 2d 1193, 1204 (D. Or. 2003) (holding that the 90-day finding standard is "not overly burdensome [and] does not require conclusive information"); *CBD v. Morgenweck*, 351 F. Supp. 2d 1137, 1140 (D. Colo. 2004) (the 90-day finding standard does not require "conclusive evidence"); *Western Watersheds Project v. Norton,* 2007 WL 2827375, at *4 (D. Idaho Sept. 26, 2007) ("[A]t the 90-day finding, [the agency] accept[s] the petitioner's sources and characterizations of the information unless [the agency] ha[s] specific information to the contrary."). Therefore, short of a final 12-month finding on SCI and EWA's petitions, there is nothing in Federal Defendants' preliminary 90-day finding that has any dispositive bearing on the issues pending before the Court.

Furthermore, the sole legal question that remains in SCI's case is whether Federal Defendants acted arbitrarily and capriciously in deciding in 2005 to list as endangered both wild and captive populations of the three antelope species. Because the 2012 90-day finding in response to a new listing petition acknowledges what Federal Defendants and Intervenors have already explained to the Court – that "[w]hile the Service does not have an absolute policy or practice with respect to whether it can differentiate the listing status of captive and wild specimens of the same species, *we generally have included wild and captive animals together when listing species*," 77 Fed. Reg. at 58086 (emphasis added) – there is no dispute that the general practice of Federal Defendants, in 2005 and today, has been to include captive individuals in the endangered or threatened listing along with wild populations.[1]

Therefore, contrary to SCI's assertion, the 2012 90-day finding certainly does not demonstrate "the arbitrary and capricious nature of Federal Defendants' listing decision" from 2005. Dkt. No. 108 at 2. Rather, it demonstrates that, in accordance with the agency's usual practice, the Service appropriately included captive antelopes in the endangered listing. Whether other listing options existed then or now is irrelevant; again, the only question before this Court is whether the agency's decision to include in the listing both the wild and captive members of these antelope species was arbitrary and capricious. Because the decision was entirely consistent

---

[1] Indeed, the U.S. Fish and Wildlife Service is currently considering whether to eliminate the only such example of captive "split-listing" following a petition by Intervenors to list all chimpanzees as endangered. *See* 76 Fed. Reg. 54423 (Sept. 1, 2011); *see also* Dkt. No. 70 at 26 n.8 ("Intervenor-Defendants believe that these other 'split-listing' decisions also violate the plain language of the statute.").

with the Service's longstanding general practice and the best available science, as well as the statute's explicit purpose and plain terms, clearly it was *not* arbitrary and capricious.[2]

Accordingly, Intervenors disagree that the 90-day finding has any dispositive bearing on the merits of this case, or that any additional briefing on remedy is necessary, since Federal Defendants and Intervenors are entitled to judgment here as a matter of law.[3]

Respectfully Submitted,

  /s/
William S. Eubanks II (D.C. Bar No. 987036)
Katherine A. Meyer (D.C. Bar No. 244301)
Meyer Glitzenstein & Crystal
1601 Connecticut Avenue NW, Suite 700
Washington, D.C. 20009
(202) 588-5206 / (202) 588-5049 (fax)
beubanks@meyerglitz.com
kmeyer@meyerglitz.com

Counsel for Defenders, HSUS, and Born Free USA

---

[2] In rejecting SCI's request for a preliminary injunction, the Court explained its view that SCI was unlikely to succeed on the merits because "the Listing Decision (1) was issued only after years of consultation and research, and appears to be consistent (2) with the policy and practice of the FWS as well as (3) with the purpose of the ESA." Dkt. No. 61 at 14-19. The 90-day finding only underscores the Court's findings at that juncture, as it explains that the listing decision was made consistent with the agency's general practice of including captive populations in listed entities.

[3] While conceding that "the 90-day finding did not resolve the question of whether U.S. captive-bred herds of the three antelope species constitute a listable entity," Federal Defendants nevertheless request "supplemental remedy briefing . . . should the Court reach the issue of remedy." Dkt. No. 108. However, because SCI has not presented any credible rationale demonstrating that the listing decision here was arbitrary and capricious – since it was made in harmony with the agency's longstanding practice – no remedy is available to SCI and thus additional remedy briefing is unnecessary.