UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SAFARI CLUB INTERNATIONAL,   ) | | |
| ) | | |
| Plaintiff,   ) | | |
| ) | | |
| v.   ) | Civil No. 11-cv-01564 (BAH) | |
| ) | | |
| SALLY JEWELL, Secretary of the Interior, *et al.*,   ) | | |
| ) | | |
| Defendants.   ) | | |
| ) | | |
| TERRY OWEN, *et al.*,   ) | | |
| ) | | |
| Plaintiffs,   ) | | |
| ) | | |
| v.   ) | Civil No. 12-cv-00194 (BAH) | |
| ) | | |
| UNITED STATES DEPARTMENT OF THE   ) | | |
| INTERIOR, *et al.*,   ) | | |
| ) | | |
| Defendants.   ) | | |
| ) | | |
| EXOTIC WILDLIFE ASSOCIATION, *et al.*,   ) | | |
| ) | | |
| Plaintiffs,   ) | | |
| ) | | |
| v.   ) | Civil No. 12-cv-00340 (BAH) | |
| ) | (Consolidated Cases) | |
| UNITED STATES DEPARTMENT OF THE   ) | | |
| INTERIOR, *et al.*,   ) | | |
| ) | | |
| Defendants.   ) | | |

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFFS'
SUPPLEMENTAL BRIEFS ON PRUDENTIAL STANDING**

Federal Defendants Sally Jewell,[1] in her official capacity as Secretary of the Interior, U.S. Fish and Wildlife Service ("Service"), U.S. Department of the Interior, and Daniel M. Ashe, in his official capacity as Director of the Service, hereby respond to Plaintiffs' supplemental briefs on prudential standing. Plaintiffs filed their supplemental briefs pursuant to this Court's March 22, 2013 Minute Order. The Order directed Plaintiffs to submit "a short memorandum of law explaining the bases for prudential standing in this matter" and gave Federal Defendants and Defendant-Intervenors two weeks to file any responses.

Other than Exotic Wildlife Association, et al.'s ("EWA") claim under the National Environmental Policy Act ("NEPA"), the remainder of EWA's claims and all of Plaintiff Safari Club International's ("SCI") claims are brought pursuant to the Endangered Species Act ("ESA") and the Administrative Procedure Act ("APA"). The seminal case on prudential standing in ESA cases is *Bennett v. Spear*, 520 U.S. 154 (1997). In *Bennett* the Supreme Court held that the ESA's citizen-suit provision, 16 U.S.C. § 1540(g), "negates the zone-of-interests test" and thus a plaintiff does not have to demonstrate prudential standing for ESA claims arising under the ESA citizen-suit provision. 520 U.S. at 164. The Court also distinguished ESA claims arising under the ESA citizen-suit provision from those arising under the APA and held that prudential standing is still required for ESA claims arising under the APA.[2] *Id.* at 175. To determine

---

[1] Secretary of the Interior Sally Jewell is substituted for former Secretary Kenneth Salazar pursuant to Federal Rule of Civil Procedure 25(d).

[2] EWA appears to mistakenly contend that the D.C. Circuit has construed *Bennett* to negate the zone-of-interest test for all ESA claims, regardless of whether they arise under the ESA citizen-suit provision or under the APA. ECF No. 110 at 12 (citing *Fund for Animals v. Norton*, 322 F.3d 728, 734 (D.C. Cir. 2003)). However, the quoted language clearly refers only to ESA claims arising under the ESA citizen-suit provision.

whether a plaintiff has prudential standing to bring ESA claims arising under the APA, the Court looks "to the substantive provisions of the ESA, the alleged violations of which serve as the gravamen of the complaint." *Id.*

Of the ESA claims in *Bennett*, the Court held that the plaintiffs' ESA Section 4 claim (that a biological opinion implicitly determined critical habitat without taking economic and other impacts into consideration) arose under the citizen-suit provision of the ESA, but that the plaintiffs' ESA Section 7 claims against the Service as the consulting agency (as opposed to the action agency) arose under the APA. *Id.* at 172-174. Here, aside from EWA's Section 7 claim, which, per *Bennett*, clearly arises under the ESA citizen-suit provision, for the reasons provided below, the Court need not resolve the question of whether Plaintiffs' ESA claims arise under the APA or ESA.

SCI's complaint contains five ESA claims.[3] ECF No. 1 at 22-28. If SCI's ESA claims arise under the ESA citizen-suit provision, there is no need for SCI to demonstrate prudential standing. *Bennett*, 520 U.S. at 164. If SCI's ESA claims arise under the APA, SCI is required to demonstrate prudential standing; but Federal Defendants acknowledge that SCI's declarations filed in support of its motion for summary judgment are likely sufficient to satisfy its burden. ECF Nos. 45-28 to 45-38.

EWA's complaint contains three ESA claims and one NEPA claim. ECF No. 1 (in 1:12-cv-00340-BAH) at 19-24. EWA's third claim arises under the ESA citizen-suit provision because EWA alleges that the Service, in its capacity as an action agency, violated ESA Section

---

[3] As SCI notes in its supplemental brief, there is no need for the Court to evaluate whether SCI has prudential standing to bring its fifth claim because the parties have settled that claim. ECF No. 111 at 3 n.2.

7 by failing to ensure that its action was not likely to jeopardize the continued existence of any endangered species. *Id.* at ¶ 59; *Bennett*, 520 U.S. at 173-174 (distinguishing between ESA Section 7 claims against action agencies, which arise under the citizen-suit provision, and ESA Section 7 claims against consulting agencies, which arise under the APA).  Thus, EWA is not required to demonstrate prudential standing for this claim. *Bennett*, 520 U.S. at 164.  However, as Federal Defendants argued in their summary judgment briefs, EWA's ESA Section 7 claim must be dismissed because EWA failed to provide the Service with the requisite 60-days notice of its intent to sue before filing its complaint.  ECF No. 84 at 22; ECF No. 99 at 4-5.

As for EWA's other ESA claims, if these ESA claims arise under the ESA citizen-suit provision, EWA is not required to demonstrate prudential standing, but these claims must be dismissed for failure to provide the requisite 60-days notice of intent to sue. *Research Air, Inc. v. Norton*, No. 05-cv-623, 2006 WL 508341, at *10 (D.D.C. Mar. 1, 2006) ("sixty-day notice requirement is mandatory and jurisdictional" (citation omitted)).  If these ESA claims arise under the APA, EWA has failed to meet its burden to demonstrate prudential standing because (1) its standing is not self-evident and (2) it failed to submit any declarations in support of standing at the summary judgment stage. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Engineers*, 417 F.3d 1272, 1286 (D.C. Cir. 2005) (plaintiffs bear the burden of establishing prudential standing); *Sierra Club v. EPA*, 292 F.3d 895, 899-890 (D.C. Cir. 2002) (where standing is not self-evident, the plaintiff "must supplement the record to the extent necessary to explain and substantiate its entitlement to judicial review.").

EWA argues in its supplemental brief that its prudential standing is self-evident because it is "directly regulated by the Final Rule." ECF No. 110 at 8; *see also id.* at 11 ("the standing of

the Exotic Wildlife Ranchers is self-evident because the Final Rule challenged in this lawsuit directly regulates their ranching activities, subjecting them to a permitting scheme that the Exotic Wildlife Ranchers had previously been exempted from by regulation."). EWA is incorrect; it is not "directly regulated by the Final Rule." Rather, EWA is directly regulated by the prohibitions in ESA Section 9(a)(1) which apply automatically to all wildlife listed as endangered under the ESA. Those prohibitions are not negated by issuance of a permit under Section 10, the permit holder is simply authorized to engage in otherwise-prohibited activities. If, for example, the permit holder fails to conduct his activities in a manner consistent with all requirements of the authorization, all of the prohibitions still apply and the permit holder would be in violation of ESA Section 9(a)(1). Thus, EWA's prudential standing is not self-evident because it is not challenging the regulation (the listing determination) that directly regulates it. Instead, EWA is challenging a regulation that does not regulate it at all; EWA challenges the removal of a regulation that authorized otherwise-prohibited activities.

Since EWA's prudential standing is not self-evident, it was required to provide declarations to support its entitlement to judicial review. *Sierra Club*, 292 F.3d at 899-890. Yet EWA failed to provide any declarations or other evidence of standing in support of its motion for summary judgment. ECF No. 78 (EWA's Motion for Summary Judgment); ECF No. 93 (EWA's Summary Judgment Reply/Opposition). EWA did provide declarations in support of its motion for preliminary injunction. ECF Nos. 3-5 to 3-14 (Case No. 1:12-cv-00340-BAH). However, EWA failed to submit those or any other declarations in support of its motion for summary judgment, and did not refer to those declarations or incorporate them in any way into

its motion for summary judgment.[4]  Furthermore, to the extent that the Court's decision at the preliminary injunction stage indicating that EWA had standing bears on this question at the summary judgment stage, the Court's preliminary injunction decision was limited to Article III standing and was silent on prudential standing.  ECF No. 61 at 13 n.7.  EWA's failure to provide any declarations in support of its motion for summary judgment is dispositive and the Court should dismiss its claims for lack of prudential standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (at the summary judgment stage, a plaintiff may not rest on "'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' . . . ." supporting standing).

Even if the Court were to find that EWA could rely on the declarations it submitted in support of its motion for preliminary injunction to support its motion for summary judgment, those declarations fail to demonstrate that EWA has prudential standing to bring its (non-Section 7) ESA claims. "Whether a plaintiff's interest is 'arguably . . . protected . . . by the statute' within the meaning of the zone-of-interests test is to be determined not by reference to the overall purpose of the Act in question (here, species preservation), but by reference to the *particular provision* of law upon which the plaintiff relies." *Bennett*, 520 U.S. at 175-176 (emphasis added).  Here, the only ESA provision that EWA could rely on is ESA Section 10, which was the basis for the regulatory permit that allowed EWA to engage in activities that otherwise are prohibited for endangered species.  But EWA's interest in having a regulatory permit cannot be within the zone of interests to be protected by ESA Section 10, given that this Court previously

---

[4] In contrast, SCI resubmitted the declarations it had filed in support of its motion for preliminary injunction with its motion for summary judgment and included an argument in its summary judgment brief on standing.  ECF No. 45 at 24-31; ECF Nos. 45-28 to 45-38.

determined that the Service promulgated the regulatory permit in violation of ESA Section 10(c). *Friends of Animals v. Salazar*, 626 F. Supp. 2d 102, 115 (D.D.C. 2009).

As for prudential standing for EWA's NEPA claim, EWA must demonstrate it will suffer an environmental injury as a result of the Service's decision to remove the regulatory permit. *ANR Pipeline Co. v. FERC*, 205 F.3d 403, 408 (D.C. Cir. 2000). Economic interests are not within the zone of interests protected by NEPA. *Id.*; *Nat'l Ass'n of Home Builders*, 417 F.3d at 1288. Here, the Court should find that EWA has failed to demonstrate prudential standing for its NEPA claim because, as explained above, it did not provide any declarations in support of its motion for summary judgment. If the Court determines that EWA can rely on the declarations it provided with its motion for preliminary injunction, Federal Defendants believe it is likely that at least some of EWA's declarations would suffice to demonstrate a sufficient interest in the environment to satisfy the prudential standing requirement for a NEPA claim.

Finally, the Court should reject EWA's argument that Federal Defendants have waived their right to challenge EWA's prudential standing. ECF No. 110 at 16. The D.C. Circuit in *Grocery Manufacturers Ass'n v. EPA*, 693 F.3d 169 (D.C. Cir. 2012) did not abrogate the binding precedent in this Circuit that prudential standing is a jurisdictional requirement. Rather, as Judge Tatel explained in his concurring opinion in *Grocery Manufacturers Association*, passing statements questioning whether prudential standing is jurisdictional are "too thin a reed . . . to permit this panel to depart from our clear prior holdings that prudential standing is jurisdictional." 693 F.3d at 180. This Court likewise cannot depart from D.C. Circuit law. Prudential standing is a jurisdictional prerequisite to judicial review in this Circuit and thus cannot be waived. *Id.* (quoting *Animal Legal Defense Fund, Inc. v. Espy*, 29 F.3d 720, 723 n.2

6

(D.C. Cir. 1994) ("Standing, whether constitutional or prudential, is a jurisdictional issue which cannot be waived or conceded.")).

Here, in addition to the other arguments presented in Federal Defendants' summary judgment briefing, the Court should dismiss EWA's claims for lack of jurisdiction either because EWA failed to provide 60-days notice of its intent to sue or because EWA has failed to demonstrate prudential standing.

April 19, 2013                                  Respectfully submitted,

                                                IGNACIA S. MORENO
                                                Assistant Attorney General
                                                Environment & Natural Resources Division
                                                SETH M. BARSKY, Section Chief
                                                S. JAY GOVINDAN, Assistant Section Chief

                                                */s/ Meredith L. Flax*
                                                MEREDITH L. FLAX
                                                Sr. Trial Attorney (D.C. Bar No. 468016)
                                                U.S. Department of Justice
                                                Environment & Natural Resources Division
                                                Wildlife & Marine Resources Section
                                                Ben Franklin Station, P.O. Box 7611
                                                Washington, D.C. 20044-7611
                                                Telephone: (202) 305-0404
                                                Facsimile: (202) 305-0275
                                                Meredith.Flax@usdoj.gov

                                                *Attorneys for Federal Defendants*