IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAFARI CLUB INTERNATIONAL,<br><br>       Plaintiff,<br><br>  v.<br><br>SALLY JEWELL *et al.*<br><br>       Defendants,<br>_____<br><br>EXOTIC WILDLIFE ASSOCIATION *et al.*<br><br>       Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR *et al.*<br><br>       Defendants<br>_____ | No. 11-cv-01564(BAH)<br>consolidated with<br>No. 12-cv-01340(BAH) |

**SAFARI CLUB INTERNATIONAL'S RESPONSE TO FEDERAL DEFENDANTS'
NOTICE OF PUBLICATION OF 12-MONTH FINDING IN THE FEDERAL REGISTER**

On June 5, 2013, Defendants Jewell *et al*. ("Federal Defendants") notified this Court of the U.S. Fish and Wildlife Service's ("FWS") 12 month finding ("Finding"), that determined that the delisting of U.S. populations of the scimitar-horned oryx, dama gazelle, and addax ("three antelope populations") is not warranted and denied the delisting petitions filed by Safari Club International ("Safari Club") and the Exotic Wildlife Association ("EWA"). 78 Fed. Reg. 33790 (June 5, 2013).

Although Safari Club agrees with Federal Defendants that the Finding *is relevant* to this matter, Safari Club does not agree that the Finding resolves the challenges that are the subject of

this litigation. The Finding provides an explanation for the FWS's June 2013 decision to deny the petitions that Safari Club and EWA submitted in June of 2011. Although admittedly more extensive than the explanation offered by the FWS in its 2005 Rule, 70 Fed. Reg. 52319 (September 2, 2005) ("2005 Rule"), to include the three antelope populations in the listing of the three antelope species in the wild, the Finding's explanation is far from "adequate." Specifically, the Finding's justification for the FWS's refusal to exclude the U.S. populations from the listing of the species in the wild is even more arbitrary and capricious than the 2005 Rule due to its (1) inconsistencies with past and existing agency practice; (2) complete failure to recognize facts relevant to the conservation history and status of the three antelope populations that contradict the FWS's analysis; and (3) rejection of this Court's own ruling on the FWS's authority under the Endangered Species Act ("ESA").

The explanation offered in Federal Defendants' Finding does not cure the substantive errors that Safari Club's Motion for Summary Judgment identified in the FWS's 2005 listing rule. One fundamental problem with the Finding's reasoning is that it is in direct conflict with this Court's interpretation of the FWS's authority under the ESA. In its ruling on Safari Club's motion for a preliminary injunction, this Court unequivocally acknowledged the FWS's authority to establish a distinct population segment ("DPS") from either a captive or wild population of a species. "[T]he FWS may designate a DPS, in which an animal species is designated differently based on whether it is captive or in the wild, in its discretion. 16 U.S.C. § 1533(a)(1) . . ." *Safari Club Int'l v. Salazar*, 852 F. Supp. 2d 102, 114 (D.D.C. 2012). In direct conflict with this ruling, the Finding denies Safari Club's petition based on the FWS's position that it lacks authority to differentiate between populations composed of wild and captive members of a species. The FWS asserts "that the Act does not allow for captive-held animals to be assigned

separate legal status from their wild counterparts on the basis of their captive state, including through designation as a separate DPS." 78 Fed. Reg. 33792.[1]

Safari Club disagrees with Federal Defendants' suggestions that the Finding (1) renders the FWS's inadequate and arbitrary decision to include the U.S. three antelope populations in the listing of the species in the wild a "harmless error" and (2) deprives this Court of a remedy to issue in Safari Club's favor. In addition to a declaratory judgment and a remand for an explanation that both adequately and correctly explains Federal Defendants' authority under the ESA, this Court can set aside the portion of the rule that illegally includes the U.S. populations of the three antelope in its listing of the species in the wild.

If this Court intends to give serious consideration to Federal Defendants' assertion that the Finding resolves either substantive questions or appropriate remedies in this matter, Safari Club requests that the Court allow the parties an opportunity to fully brief these arguments, rather than resolve this issue based upon abbreviated and accelerated submissions that were triggered by Federal Defendant's requirement to notify the Court of the publication of the Finding.

Dated this 7th day of June 2013.

                                                  Respectfully submitted,

                                                  s/ Anna M. Seidman
                                                  Anna M. Seidman
                                                  Safari Club International
                                                  501 2nd Street NE
                                                  Washington, D.C.  20002
                                                  Tel:  202-543-8733
                                                  Fax:  202-543-1205
                                                  aseidman@safariclub.org
                                                  Counsel for Plaintiff Safari Club International

---

[1] The Finding also contains multiple other inconsistencies and irrationalities that Safari Club is currently assessing for legal error and potential challenges.